## IN THE MATTER OF A. B. C., AN ATTORNEY AND COUNSELLOR-AT-LAW.

Argued June 4, 1951—Decided June 4, 1951.

For the rule *Mr. Milton T. Lasher.*

For the respondent *Mr. Julius M. Lichtenstein.*

At the conclusion of the argument the opinion of the court was delivered orally by

VANDERBILT, C. J.  Both counsel agree that the practice condemned by the court in *Stack v. P. G. Garage, Inc.,* 7 *N. J.* 118, decided May 7, 1951, of lawyers accepting employment from laymen who have filed petitions for property owners in tax appeals without the lawyers having any employment from the taxpayers, is common not only in Hudson County but in other places in the State.  Counsel for the respondent

frankly concedes that such conduct violates three of the canons of professional ethics which govern the professional life of the members of our bar:

"34. Division of Fees

No division of fees for legal services is proper, except with another lawyer, based upon a division of service or responsibility.

35. Intermediaries .

The professional services of a lawyer should not be controlled or exploited by any lay agency, personal or corporate, which intervenes between client and lawyer. A lawyer's responsibilities and qualifications are individual. He should avoid all relations which direct the performance of his duties by or in the interest of such intermediary. A lawyer's relation to his client should be personal, and the responsibility should be direct to the client. Charitable societies rendering aid to the indigent are not deemed such intermediaries.

A lawyer may accept employment from any organization, such as an association, club or trade organization, to render legal services in any matter in which the organization, as an entity, is interested, but this employment should not include the rendering of legal services to the members of such an organization in respect to their individual affairs.

47. Aiding the Unauthorized Practice of Law

No lawyer shall permit his professional services, or his name, to be used in aid of, or to make possible, the unauthorized practice of law by any lay agency, personal or corporate."

It is a matter of personal misfortune that the respondent who concededly has had a good reputation at the bar should be drawn into the first case in which this improper practice has come before us. The practice is subversive of the professional relations of attorney and client and cannot be tolerated however widespread it may be. Any further violations which come to the attention of the court must therefore necessarily be dealt with severely.

In the circumstances we have no wish to be harsh on the respondent, yet in view of his admitted violation of the canons, we have no choice but to reprimand him. It would be going too far, however, to report this case by name, and it will therefore be designated by initials and published so that the bar may be advised forthwith of our ruling.