IN THE MATTER OF MARTIN L. BLATT, AN ATTORNEY AT LAW.

Argued June 2, 1964—Decided June 23, 1964.

*Mr. Robert C. Koury* argued the cause for Atlantic County Ethics and Grievance Committee.

*Mr. Robert H. Steedle* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. A complaint was filed with the Atlantic County Ethics Committee against the respondent attorney, Martin L. Blatt. Following a formal hearing, the committee filed a presentment charging respondent with violation of *Canons* 6 and 37 of the *Canons of Professional Ethics*. This Court issued an order to show cause why respondent should not be disbarred or otherwise disciplined.

At the hearing before the Atlantic County Ethics Committee the following facts appeared:

The respondent was admitted to the bar of this State in 1959, and since that time has engaged in the practice of law with his father under the firm name of Blatt and Blatt.

On May 11, 1960 respondent signed and filed a complaint in the office of the Clerk of the Superior Court, entitled "Florence Marie Isard, plaintiff, v. Jack C. Isard, defendant," in which plaintiff sought a divorce from defendant. A judgment *nisi* entitled in the same cause was entered with a backer of Martin L. Blatt, Esq. No provision was made therein for the support of plaintiff or the children of the marriage.

Subsequently a notice of motion with supporting affidavit was filed entitled in the same cause by Morris Goldsmith, Esq., as attorney for plaintiff. The motion sought to amend the judgment *nisi* by incorporating a direction for the weekly support of plaintiff and the children of the marriage. An order entitled in the same cause, dated February 13, 1962, was entered awarding support *pendente lite*. The form of the order was consented to by "Blatt & Blatt, attorneys for Defendant, By Alexander K. Blatt." On March 26, 1962 the matter came on for hearing before Judge Francis at which time respondent participated in the trial as attorney for defendant. An order directing defendant to make support payments of $65 per week, dated March 27, 1962, was consented to by "Martin L. Blatt, Attorney for Defendant."

By a verified Petition and Order to Show Cause, again entitled in the original cause, dated October 15, 1962, plaintiff sought to hold defendant for contempt for failure to com-

ply with the terms of the order of March 27, 1962. A counter-motion, together with supporting affidavit, seeking a reduction in the amount of support directed by the order of March 27, 1962 was filed over the signature of "Martin L. Blatt, Attorney for Defendant." After a hearing in which respondent participated on behalf of defendant, an order dated November 21, 1962 was entered, again consented to by "Martin L. Blatt, Attorney for Defendant."

██ We find respondent not guilty of violating the specific language of *Canon* 6, and the evidence before us is inconclusive as to violation of *Canon* 37. However, respondent's conduct reveals a misconception of basic ethical standards. This Court's disciplinary power is not confined to the area covered by the canons. *In re Mattera,* 34 *N. J.* 259 (1961). It is self-evident that where a member of the bar represents a litigant in a cause, he should not thereafter represent the opposing party in any step in the proceedings in or arising out of the same cause. There is always a possibility, however remote, that confidential information received from the original client may be used to his detriment. Such conduct is plainly and patently unethical and we find respondent guilty of unethical conduct.

At the time of argument it was conceded that there was no evidence that respondent had used any confidential communication received from his original client in the succeeding proceedings in which he represented her husband. Also, the conduct complained of occurred shortly after his admission to the bar. Under the circumstances, we think that it is not appropriate to impose any penalty upon respondent other than to reprimand him for his conduct.

*For reprimand* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.