IN THE MATTER OF
JULIUS BRAUN,
AN ATTORNEY AT LAW.

Argued January 10, 1967—Decided March 20, 1967.

*Mr. Richard D. Sutton* argued the cause for the Ocean County Ethics Committee.

*Mr. Jack L. Cohen* argued the cause for the respondent.

The opinion of the court was delivered

PER CURIAM. A complaint was filed with the Ocean County Ethics Committee against the respondent attorney, Julius Braun. After a formal hearing the Committee filed a presentment charging that respondent violated *Canons* 6 and 37 of the *Canons of Professional Ethics*. This Court then issued an order to show cause why respondent should not be disbarred or otherwise disciplined.

The evidence before the Committee showed that in June of 1964 Gerald Caruso, complainant, and Helen Caruso, complainant's then wife, met with respondent at his office to discuss their marital difficulties. Respondent testified that at this time, though first consulted by Mrs. Caruso, he felt he was counseling both with a view to reconciliation and rehabilitation of the marriage. His fee of $100 was agreed to by both.

Subsequent to this meeting Mrs. Caruso by another attorney filed a divorce action against Mr. Caruso who retained his own counsel. Respondent did not at this time represent either party.

In April of 1965 Mr. Caruso called respondent for an appointment. He met with respondent, informed him about the divorce action, showed him the pleadings, discussed his financial and marital problems, mentioned the progress of an investigation by a private detective of his wife's conduct, and requested that respondent take over the defense of the action. The office conference lasted almost an hour. Respondent deferred decision on whether he would represent Mr. Caruso, but advised him that an out-of-court financial settlement would be best and billed him $25 "For Professional Services Rendered: Office Conference."

A few days later respondent agreed to represent Mrs. Caruso in the pending divorce action, and he obtained a substitution of attorney from her prior counsel and filed motions on her behalf. When complainant protested to the Chancery Division the representation of his wife by respondent, the latter withdrew from the case.

Respondent urges that Mr. Caruso did not disclose to him at the meetings of June 1964 and April 1965 any information of a confidential nature; rather, that all information which respondent received from Mr. Caruso on the two meetings was available to respondent either from Mrs. Caruso or from the documents on file pertaining to the divorce action. Complainant on the other hand testified that at the April 1965 meeting he disclosed to respondent confidential steps he had taken to secure his assets and income from the claims of his wife, and also certain information of a confidential nature pertaining to his wife's conduct which complainant hoped to use to defeat her divorce action.

The factual contention of respondent that no actual confidence was received is without merit even if true. The intent of *Canons* 6 and 37 is violated whenever the conduct of an attorney raises the possibility that he has or may use the confidences of one client for the benefit of another. *In re Blatt*, 42 *N. J.* 522, 524 (1964). Therefore, after respondent had attempted to counsel both husband and wife with a view to reconciliation at the meeting of June 1964, he could not

thereafter with propriety represent either in a divorce action. *N. J. Advisory Committee on Professional Ethics, Opinion 26*, 87 *N. J. L. J.* 19 (1964). And apart from the meeting of June 1964, after respondent discussed the marital and financial problems of complainant in April 1965, it was highly improper for him to agree to substitute himself as attorney for complainant's wife in her divorce action. *N. J. Advisory Committee on Professional Ethics, Opinion 86*, 88 *N. J. L. J.* 773 (1965). To be distinguished are those instances in which the attorney at all times represents one party, and his contact with the other party is limited to non-confidential situations wherein the adversary position of the attorney is clear. *N. J. Advisory Committee on Professional Ethics, Opinion 89*, 89 *N. J. L. J.* 56 (1966).

The demands of *Canons* 6 and 37 arise whenever confidence is reposed by the solicitation of an attorney's professional advice. Any discussion about the merits of a case during the solicitation of professional advice is confidential within the meaning of *Canons* 6 and 37 regardless of whether the information disclosed in otherwise available. It is beyond dispute that at the meeting in April 1965 complainant here solicited respondent's professional advice and discussed the merits of his marital problems.

In view of the violations of *Canons* 6 and 37 as discussed above, it is the opinion of this Court that respondent be and hereby is sharply reprimanded.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.