105 N.J. Super. 194 (1969)
251 A.2d 475
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOUGLAS ZOLD, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Law Division  Criminal.
Argued January 17, 1969.
Decided March 14, 1969.
*195 Mr. Robert L. Messick, Assistant Prosecutor, appearing for plaintiff-respondent (Mr. A. Donald Bigley, Prosecutor).
Mr. Herbert I. Wachstein, Assistant Deputy Public Defender, appearing for defendant-petitioner.
PEEL, J.C.C. (temporarily assigned).
This matter arises upon a petition for post conviction relief filed by defendant, Douglas Zold, pursuant to R.R. 3:10A-1 et seq. Defendant *196 seeks relief from a judgment of conviction entered in the Camden County Court on Indictment No. 836-65 charging him with robbery in violation of N.J.S. 2A:141-1. On March 10, 1967, defendant was sentenced to not less than six nor more than nine years in the New Jersey State Prison. Following said sentence, defendant filed a motion for a new trial based on newly discovered evidence, that the verdict was contrary to the weight of the evidence, and for reconsideration of the sentence. The motions were heard on May 4, 1967, and denied. Thereafter, an appeal was taken in the Appellate Division which affirmed on January 11, 1968. A notice of petition for certification to the Supreme Court of The State of New Jersey was submitted and denied on May 14, 1968, 51 N.J. 574.
Post conviction relief had previously been applied for by petitioner, but at his request that application was dismissed. Thereafter, defendant filed an affidavit for leave to petition as an indigent and a second petition for post conviction relief. A hearing was held before this Court on January 17, 1969, at which time the petitioner was represented by counsel from the office of the Public Defender, and testimony of the petitioner and his brother, Emery Zold, was received followed by argument on the issue.
Although petitioner's petition is improperly drawn in that it consists primarily of argument in violation of R.R. 3:10A-8, in the interest of justice, the substance shall be treated rather than the form. R.R. 1:27A.
At the hearing before this Court, counsel for petitioner acknowledged that all but one of petitioner's contentions were previously raised and expressly adjudicated in petitioner's earlier appeal taken in the Appellate Division, and are, therefore, expressly precluded from being raised in an application for post conviction relief. R.R. 3:10A-5. State v. Smith, 43 N.J. 67 (1964) certiorari denied 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706, rehearing denied 380 U.S. 938, 85 S.Ct. 945, 13 L.Ed.2d 826 (1964).
*197 Petitioner's remaining contention is that he was deprived of both a fair trial and effective assistance of counsel. Petitioner contends that Michael Melissas, Esq., his trial counsel was employed as a municipal attorney by the Law Department of the City of Camden at the time he was retained by petitioner's brother, and later when he defended petitioner before the Camden County Court in this criminal matter. This, petitioner alleges, constituted a conflict of interest at the time of trial which deprived petitioner of his right to a fair trial and effective assistance of counsel at the trial. In effect, petitioner argues that denial of relief on said account would be contrary to fundamental justice or to the Constitution of New Jersey R.R. 3:10A-4 (b).
In his petition, petitioner maintained that he was not aware of his counsel's position as legal assistant for the City of Camden at the time of his appeal, inferring thereby that relief be granted under the provisions of R.R. 3:10A-4, i.e. that the issue could not have been raised in prior proceedings. This argument likewise was abandoned at the hearing before this Court, and rightfully so, because the testimony of the petitioner in this respect was contrary to the allegation in his petition.
At the hearing, Emery Zold, petitioner's brother, testified that he retained Melissas to represent his brother before the Camden County Court without knowledge that Melissas also held the position of Assistant Municipal Attorney for the City of Camden. He stated that he had obtained the name from someone he had met in a Camden restaurant. Both Emery Zold and petitioner testified that Melissas had previously prosecuted petitioner in the Camden Municipal Court on a number of disorderly conduct charges. They both stated that this information was obtained by checking work records and discovering that Melissas was on duty as Municipal Prosecutor on those particular days. However, petitioner claimed that he did not recognize Melissas at trial. Petitioner testified that he first remembered meeting Melissas in 1966 at a Haddon Heights Municipal Court hearing when *198 Melissas represented him before that Court at a preliminary hearing on another charge. Petitioner stated that he did not know who had retained Melissas for his defense at that time. Both petitioner and his brother testified that Melissas never informed either of them of his position with the Law Department of the City of Camden either, before, during, or after this trial. Petitioner testified he first learned Melissas was a Municipal Attorney, who occasionally served as Municipal Prosecutor in March, 1967, from fellow prisoners in the Camden County Jail while awaiting sentence in this case. Further, petitioner testified that he told his counsel on appeal of Melissas' position as Municipal Attorney.
It is undisputed that Melissas is a Legal Assistant in the Department of Law in the City of Camden; that he was first appointed to the position on July 26, 1962, and left on March 31, 1965; that he was thereafter reappointed on September 19, 1966, and has from then to the present continued to serve in such capacity. Further, it is undisputed that members of the legal staff of the Department of Law of the City of Camden alternate in the capacity of prosecutor before the Camden Municipal Court.
Since petitioner learned of Melissas' employment while awaiting sentence, prior to entry of the judgment of conviction, the issue could reasonably have been raised in the appeal.
There remains for consideration the issue of whether denial of relief because of the alleged conflict of interest of trial counsel would be contrary to fundamental justice or to the Constitution of New Jersey.
In support of his contention, petitioner has filed a memorandum of law with the Court which was not prepared by his counsel.
Numerous federal cases are cited for abstract principles of law. A reading of the cases cited reveals that none are pertinent to the issue before us, and that all of the citations are taken from the case of United States ex rel. Platts v. Myers, 253 F. Supp. 23 (D.C. 1966), which case also is not *199 applicable to the issue. In Platts, the Court held that a state prisoner had been denied his constitutional right to effective assistance of counsel when the same court-appointed attorney represented not only the defendant, but also co-defendants who entered pleas of guilty and who, before sentence testified as witnesses for the prosecution against him.
In his memorandum, petitioner cites the following New Jersey cases which are readily distinguishable on the facts and law from this case: In re Blatt, 42 N.J. 522 (1964); Schear v. City of Elizabeth, 41 N.J. 321 (1964); In re Kamp, 40 N.J. 588 (1963); Williams v. Reed, Fed Cas. No. 17, 733, 3 Mason 405, 418 (C.C. Maine, 1824); In re Rothman, 12 N.J. 528 (1953); In re A.B.C., 7 N.J. 388 (1951); Ahto v. Weaver, 39 N.J. 418, 431 (1963).
Further, petitioner cites the following opinions of the New Jersey Advisory Committee on Professional Ethics: Opinion 69, 88 N.J.L.J. 97, 103 (1965); Opinion 8, 86 N.J.L.J. 718 (1963); Opinion 54, 87 N.J.L.J. 689 (1964); Notice to the Bar, 86 N.J.L.J. 713 (1963). He also cites Drinker's Legal Ethics, pp. 104, 120 (1953), and American Bar Association Opinions of the Committee on Professional Ethics & Grievance, 89, 183 (1957). These citations are to be found in In re A. and B., 44 N.J. 331 (1965) which decided that municipal attorneys cannot ethically serve the potentially conflicting interests of land and building developers whose projects are located within the same municipality where counsel holds such office.
In his Petition, and/or memorandum, petitioner refers to Rules 1:26-2, 1:26-9; 1:26-5 (c); 1:26-5 (e), and argues in his petition, "The entire context of the Supreme Court Rules * * * leads incontrovertibly to the conclusion that respondent violated in spirit, if not in law, the rules of ethics in so represent (ing) [sic] petitioner in Camden County Court in a Criminal Matter." Petition p. 13.
Rule 1:26-9 was deleted December 6, 1962 to become effective January 2, 1963. The subject matter of that rule was incorporated in R.R. 1:26-6 adopted on December *200 6, 1962 to become effective January 2, 1963. The rule now provides:
"It shall be the duty of every judge and magistrate to abide by and enforce the provisions of Rule 1:26, the Canons of Judicial Ethics and the Canons of Professional Ethics."
From the subject matter of petitioner's petition, it appears that he refers to the former R.R. 1:26-5 (c) now incorporated in R.R. 1:26-3 (c) effective January 2, 1963 which provides as follows:
"An attorney shall not represent any defendant in the municipal court of the municipality of which he is the municipal attorney, except in the performance of his official duties as municipal attorney."
A reading of Rules 1:26-1 et seq. reveals that Rule 1:26-3 (c) is the only rule limiting the practice of law by attorneys who are municipal attorneys. The plain meaning of Rule 1:26-3 (c) does not prohibit petitioner's trial counsel while a municipal attorney from defending the petitioner in a criminal matter before the County or Superior Court. Had the Supreme Court intended to prohibit such practice, the Court would have promulgated such a rule. It is established by our case law that where the wording of a rule is precise and free from ambiguity on its face, there is no need for judicial interpretation, reliance upon extrinsic material or exercise of discretion. See State of N.J. in Interest of L.B., 99 N.J. Super. 589 (1968).
The Court is not aware of a case in which the constitutional issue raised here has been decided by a New Jersey Appellate Court. But see Harris v. Thomas, 341 F.2d 560 (6th Cir. 1965), and State v. Chance, 71 N.J. Super 77, 79 (1961), where the factual circumstances and the constitutional question are strikingly similar to the case at bar.
Harris v. Thomas, supra, came before the United States Court of Appeals on appeal from an order of the United States District Court for the Western District of Kentucky, *201 denying a writ of habeas corpus to William C. Harris, petitioner-appellant therein. Analogous to the background of the Zold case, petitioner Harris was tried before a jury and convicted on an indictment charging him with armed robbery. The Court of Appeals stated that Harris' sole basis for relief was his claim that his constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States had been violated because of an alleged conflict of interests. As similarly argued by Zold at his hearing before this Court, Harris urged that "his counsel by virtue of his position (as City Attorney) had conflicting interests, was hostile to his cause, and could not have been effective in assistance."
It is significant that the statutory duties of a City Attorney of a fourth class city in Kentucky are remarkably similar to the duties of a Municipal Attorney in Camden. In Camden the various Municipal Attorneys rotate in serving as Municipal Prosecutor. Analogous to the duties of Harris' attorney, a Camden Municipal Prosecutor also "prosecutes all pleas of the Commonwealth and all warrants or proceedings instituted for violation of the ordinances or municipal regulations of the City in the Police Court." See Section 69.560 K.R.S., cited in Harris v. Thomas, supra, 341 F.2d, at p. 561.
The court in Harris, in holding that a City Attorney is not per se disqualified to represent a petitioner in the County Court by reason of his office, took the following factors into consideration: (1) Petitioner made no claim that his case ever came within the scope of the City Attorney's duties in the Police Court; (2) No cases were cited by petitioner in support of his claim that a City Attorney is disqualified ex officio to defend an accused in the County Court; and (3) the specific examples of ineffective assistance of counsel charged by the petitioner are in effect aspects of trial strategy properly within the discretion of trial counsel.
The analysis approach of the Harris court is readily applicable to the case before us.
*202 Nothing in the record indicates that petitioner expressly claims his case came within and conflicted with the duties of his trial counsel as a municipal attorney. In addition, a review of the record of the trial reveals that no issue arose which petitioner's attorney would be obliged to prosecute as municipal prosecutor in a municipal proceeding, nor does the State's charge of robbery for which petitioner was convicted come within the jurisdiction of the Camden Municipal Court. N.J.S. 2A:8-21. State v. Le Jambre, 42 N.J. 315 (1964). Nor has petitioner presented cases to substantiate his claim that trial counsel was disqualified to defend him before this Court by reason of his position as a Municipal Attorney.
Specific examples of trial counsel's alleged ineffective assistance due to conflict of interest are enumerated both in petitioner's petition and in the record of the hearing. Namely, they are:
(1) failure to call character witnesses to testify;
(2) failure to introduce testimony concerning weather conditions, degree of visibility, and lighting conditions on the night of the robbery;
(3) eliciting from petitioner on direct examination that he had been convicted on disorderly conduct charges, and repetition of this fact in summation to the jury;
(4) failure to object timely to Prosecutor's use of the phrase, "mug shots", when referring to photos from which the petitioner was identified by the victim of the robbery; and
(5) prior experiences as Municipal Prosecutor in prosecuting petitioner in the Camden Municipal Court on a number of disorderly conduct charges impaired his ability to fully represent petitioner.
On the contrary, examples Nos. 1, 2, 3, and 4 are matters of trial strategy clearly within the discretion of an experienced trial counsel. The entire record of the trial reflects an unrestrained and bona fide attempt on the part of trial counsel to faithfully defend petitioner. Furthermore, petitioner's last example also lacks merit. Trial counsel's prior experience *203 in prosecuting petitioner instead of hampering his defense may have enabled him to more effectively formulate a plan of trial strategy. Prosecuting the petitioner may have given trial counsel considerable insight into petitioner's capabilities of maintaining his composure and effectively responding while testifying.
Since an application for post conviction relief is but a modernized, expanded version of the habeas corpus proceeding, the burden of proof of establishing the right to such relief is still with the petitioner. Petitioner must make such a showing "by a fair preponderance of the believable evidence." See In re Lenkowski, 17 N.J. 191, 193 (1955); State v. Cynkowski, 10 N.J. 571, 576 (1952); State v. Jacobson, 28 N.J. Super. 226, 231 (App. Div. 1953); State v. Bowens, 101 N.J. Super. 193 (Law Div. 1968). After reviewing the testimony of the petitioner, the arguments of respective counsel and all other evidence, it is the opinion of this Court that the petitioner has not sustained his burden, and that a denial of relief because of an alleged conflict of interest of trial counsel in this case is not contrary to fundamental justice or to the Constitution of New Jersey.