IN THE MATTER OF JOHN P. RUSSELL
AN ATTORNEY AT LAW.

Argued September 14, 1971—Decided October 12, 1971.

*Mr. Edwin H. Stern,* First Asssitant Prosecutor of Hudson County, for the order (*Mr. Geoffrey Gaulkin,* Prosecutor of Hudson County; *Mr. Stern,* on the brief).

*Mr. Maurice M. Krivit* argued the cause for respondent (*Messrs. Krivit, Levitov, Miller, Galdieri and De Luca,* attorneys; *Mr. Spencer Norman Miller,* on the brief).

PER CURIAM. The Attorney General of New Jersey called the attention of this court to testimony taken before the State Grand Jury which suggested that certain conduct of

respondent had been unethical, unprofessional and in violation of the Canons of Professional Ethics. We referred the matter to a Judge of the Superior Court, designated as a Master of this Court, to act as an Ethics Committee with all the powers conferred upon such a committee by *R.* 1:20 and directed that a statement of charges in lieu of complaint be prepared and served upon respondent in accordance with *R.* 1:20–2(b).

In essence, it was charged that respondent gave advice to two persons about to testify before the State Grand Jury, at a time when he represented clients whose interests conflicted with those of the prospective witnesses and when the latter were, to respondent's knowledge, already represented by another attorney who had given them advice sharply at variance with that offered by respondent.

Following a full hearing the Master filed a report finding respondent substantially guilty as charged. Our own examination of the testimony amply confirms this determination.

Respondent represented several persons who had been subpoenaed to testify before the State Grand Jury. He was present with his clients in a corridor of the building where the Grand Jury was sitting. Two young ladies who had been employed by one of respondent's clients as "numbers clerks" in an alleged gambling operation were also present awaiting their turn to testify. The Master found — and we agree — that respondent approached these prospective witnesses and suggested that they avail themselves of their Fifth Amendment privilege of remaining silent when called before the Grand Jury. This they did. At the time, respondent was aware that these ladies were already represented by another attorney who had advised them to testify fully and truthfully. At a later date, the ladies did in fact return and testify.

■ Respondent argues that his conduct did not specifically violate any of the ethical canons. But as we have observed, "[t]his Court's disciplinary power is not confined to the

area covered by the canons." *In re Blatt,* 42 *N. J.* 522, 524 (1964). This is so because an attorney's conduct is not to be solely judged by these admonitions. As the Preamble to the Canons of Professional Ethics states, "The following canons of ethics are adopted * * * as a general guide, yet the enumeration of particular duties should not be construed as a denial of the existence of others equally imperative, though not specifically mentioned." Cf. *In re Mattera,* 34 *N. J.* 259, 263–264 (1961). Furthermore, we agree with the Master's conclusion that the impugned conduct did violate, at the very least, Canons 7 and 29.[1]

█ In discharging our responsibility in disciplinary proceedings, a determination of the appropriate punishment is often the most difficult part of the task. Such is the case here. Respondent was only admitted to the bar in 1964 and has had, until now, an unblemished record. We are inclined to accept his statement that what he did was thoughtless

---

[1]The pertinent parts of these canons follow:

Efforts, direct or indirect, in any way to encroach upon the professional employment of another lawyer, are unworthy of those who should be brethren at the bar; * * *. [*Canon 7*]

He [the lawyer] should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice. [*Canon 29*]

While, of course, respondent's conduct should be measured by the ethical canons in force at the time, we call attention to the fact that as of September 13, 1971 this Court adopted, with certain changes, the Disciplinary Rules of the Code of Professional Responsibility of the American Bar Association, to take the place of the former Canons of Professional Ethics. *DR* 7–104, entitled *Communicating with One of Adverse Interest,* reads as follows:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

(2) Give advice to a person who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client.

and to receive his plea of contrition as sincere and genuine. Penitence may properly be considered in mitigation of an offense such as this. Nevertheless respondent's conduct clearly merits censure and he is herewith severely reprimanded.

*For reprimand*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*Opposed*—None.