744 A.2d 109

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
ROBERT F. CLARK, DEFENDANT–RESPONDENT.

Argued October 12, 1999—Decided January 19, 2000.

*Glenn Berman,* Middlesex County Prosecutor, argued the cause for appellant (*Mr. Berman,* attorney; *Simon Louis Rosenbach,* Assistant Prosecutor, on the brief).

*Kevin G. Byrnes,* Designated Counsel, argued the cause for respondent (*Ivelisse Torres,* Public Defender, attorney).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for *amicus curiae* Attorney General of New Jersey (*John J. Farmer, Jr.,* Attorney General, attorney).

*Joan D. Van Pelt,* Deputy Public Defender, argued the cause for *amicus curiae* Office of the Public Defender (*Ivelisse Torres,* Public Defender, attorney; *Michael B. Jones,* Assistant Deputy Public Defender, of counsel and on the brief).

*Michael A. Gill* submitted a brief on behalf of *amici curiae* Atlantic, Burlington and Camden County Municipal Prosecutors Associations (*Goldenberg, Mackler, Sayegh & Mintz,* attorneys).

*Matthew S. Rogers* and *Robert B. Hille* submitted a brief on behalf of *amicus curiae* Bergen County Bar Association (*Contant, Scherby & Atkins,* attorneys).

*Dennis Alan Auciello* submitted a brief on behalf of *amicus curiae* Middlesex County Bar Association.

*Joseph F. DeFino* submitted a brief on behalf of *amicus curiae* Monmouth County Municipal Prosecutors Association (*Jacobowitz, Grabelle, DeFino, McGoughran & Latimer,* attorneys).

*Raymond A. Noble* and *Daniel M. Waldman* submitted a brief on behalf of *amicus curiae* New Jersey State Bar Association.

*John C. Gillespie* submitted a brief on behalf of *amici curiae* New Jersey State League of Municipalities and New Jersey Institute of Municipal Attorneys (*Parker, McCay & Criscuolo* and *Kearns, Vassallo, Guest & Kearns,* attorneys).

*Joseph J. Bell* submitted a brief on behalf of *amicus curiae* Morris County Municipal Prosecutors Association (*Joseph J. Bell & Associates,* attorneys).

The opinion of the Court was delivered by

COLEMAN, J.

The critical issue raised in this appeal is whether a municipal prosecutor can simultaneously serve as a defense attorney in a criminal matter pending in the Superior Court of the county in which he or she serves as prosecutor. The Appellate Division adopted a bright-line rule and held that such a prosecutor may not, and, as a result, reversed defendant's conviction. Although we agree with the Appellate Division panel that municipal prosecutors should not in the future represent defendants in criminal matters in the county in which they serve, we conclude that the court erred in reversing defendant's conviction. However, we amend the controlling Court Rule and direct that the amended Rule be applied prospectively.

## I.

In 1994, a jury in Middlesex County convicted defendant on two counts of sexual assault and two counts of endangering the welfare of a child. Those offenses were committed in Jamesburg, New Jersey. Defendant was represented by E. Ronald Wright, Esquire, who was assigned to the case by the Public Defender. Subsequent to the entry of the judgment of conviction, defendant learned that at the time of trial his attorney was a part-time municipal prosecutor in New Brunswick, also located in Middlesex County.

The parties have stipulated that defense counsel was not engaged in any actual conflict. Nonetheless, in his direct appeal to the Appellate Division from the judgment of conviction, defendant contended that the dual positions held by his attorney in the same county deprived him of his right to effective assistance of counsel and a fair trial. In reversing the convictions, the Appellate Division held that "it is impermissible for a part-time municipal prosecutor in a municipality located in the county where defendant is tried to represent a criminal defendant." *State v. Clark*, 324 *N.J.Super.* 178, 183, 735 *A.*2d 1 (1999). We granted the State's petition for certification and stayed the judgment. 161 *N.J.* 336, 736 *A.*2d 528 (1999).

## II.

When defendant was tried in January 1994 and sentenced on November 7, 1994, neither the existing Court Rules nor decisional law precluded defendant's trial attorney from serving as municipal prosecutor and representing a defendant in the Superior Court of the same county. The pertinent part of *Rule* 1:15–3(b) provided then and now, excepting changes that made it gender neutral, that "[a] municipal attorney of any municipality shall not represent any defendant in the municipal court thereof." The pertinent portion of the source Rule was practically identical to the present Rule and provided that "an attorney shall not repre-

sent any defendant in the municipal court of the municipality of which he is the municipal attorney." *R.* 1:26–63(c).

The only relevant case decided under either version of the rule is *State v. Zold,* 105 *N.J.Super.* 194, 251 *A.*2d 475 (Law Div.1969), *affirmed o.b.,* 110 *N.J.Super.* 33, 264 *A.*2d 257 (App.Div.), *certif. denied,* 57 *N.J.* 131, 270 *A.*2d 34 (1970). That case held that a municipal attorney, who served as a municipal prosecutor, was not precluded by the rule from representing a defendant in the Superior Court or the former County Court located in the same county in which he or she served as a municipal prosecutor. 105 *N.J.Super.* at 203, 251 *A.*2d 475. In this case, because Wright's representation of defendant did not violate either *Rule* 1:15–3(b) or *Zold,* and because there was no actual conflict or prejudice to defendant, no basis existed to reverse defendant's conviction. The judgment of conviction is therefore reinstated.

### III.

Next, we address whether *Rule* 1:15–3(b) should be expanded to preclude a municipal prosecutor from simultaneously serving as a defense counsel in the Superior Court in the same county in which he or she serves as municipal prosecutor. Clearly, the Rule as presently worded does not prohibit a municipal prosecutor from serving as defense counsel in the Superior Court of any county.

The authority to adopt practice and procedure Rules rests exclusively with this Court. *N.J. Const.* (1947), art. VI, § 2, ¶ 3. "The Court's Rule-making authority may be exercised by the promulgation of formal Rules to be included in the published Rules of Court, *R.* 1:1. It may also be exercised in the form of general directives or specific orders." *In re Yaccarino,* 101 *N.J.* 342, 351, 502 *A.*2d 3 (1985). In addition, the Court's authority to engage in rule making includes the exclusive power to establish or modify Court Rules through judicial decisions. *State v. Leonardis,* 71 *N.J.* 85, 108–09, 363 *A.*2d 321 (1976); *Shambry v. New Jersey Transit Bus Operations, Inc.,* 307 *N.J.Super.* 390, 395, 704

*A*.2d 1047 (App.Div.1998). Indeed, "[t]hat the Supreme Court's rule-making power and authority over the administration of all courts in the State is exclusive has never been in doubt." *Cunningham v. Rummel,* 223 *N.J.Super.* 15, 18, 537 *A*.2d 1314 (App. Div.1988).

"Rules of court for controlling practice and procedure date back to the Middle Ages. They were the settled means of effecting changes and improvements in procedure" and practice. *Winberry v. Salisbury,* 5 *N.J.* 240, 252, 74 *A*.2d 406, *cert. denied,* 340 *U.S.* 877, 71 *S.Ct.* 123, 95 *L.Ed.* 638 (1950). Given the growing complexity and importance of municipal prosecutions, it is apparent to us that the benefit of our rule that permits a municipal prosecutor also to serve as defense counsel in the Superior Court of the same county is now outweighed by the high probability that the prosecutor's impartiality will be undermined.

Municipal prosecutors are under the supervision of the Attorney General and county prosecutors, *N.J.S.A.* 2B:12–27, the same offices that prosecute indictable and juvenile offenses in the Superior Court. *N.J.S.A.* 2A:158–4 and –5. Under the existing Court Rule, a municipal prosecutor may be called upon to conduct a direct examination of one or more municipal police officers any weekday or evening in municipal court, and the following day conduct cross-examination of the same officer or his or her partner in the Superior Court of the same county while representing a defendant on an indictable offense. Dual representation in the same county therefore presents a significant possibility of conflict that could impair a defendant's right to a fair trial, including effective assistance of counsel, while at the same time creating prosecutorial partiality. The dual role strikes at the integrity of the criminal justice system because it epitomizes how a prosecutor's impartiality can be undermined. As we have observed in a slightly different context, both the defendant and the complainant (victim) "must trust the impartiality of the proceedings." *State v. Storm,* 141 *N.J.* 245, 254, 661 *A*.2d 790 (1995). Hence, we conclude that *Rule* 1:15–3(b) must be modified.

In the exercise of the Court's authority to promulgate Court Rules affecting practice and procedure in our criminal and quasi-criminal courts, we hereby amend *Rule* 1:15-3(b) to preclude a municipal prosecutor from simultaneously serving as defense counsel in the same county in which he or she serves as a municipal prosecutor. The text of *Rule* 1:15-3(b) presently reads:

A municipal attorney of any municipality shall not represent any defendant in the municipal court thereof, except to perform official duties, but may represent a defendant in a joint municipal court if the defendant resides and the offense was allegedly committed in a municipality for which the attorney is not the municipal attorney. An attorney who is a member of the governing body of a municipality shall not practice in the municipal court of that municipality.

That rule is amended to read:

A municipal attorney of any municipality shall not represent any defendant in the municipal court thereof, except to perform official duties, but may represent a defendant in a joint municipal court if the defendant resides and the offense was allegedly committed in a municipality for which the attorney is not the municipal attorney. A municipal prosecutor shall not represent any defendant in any other municipal court in that county or in the Superior Court located in that county but may represent a defendant in a municipal court or Superior Court in a county other than the one in which he or she serves as a municipal prosecutor. This rule does not apply to a municipal public defender who is not otherwise considered a municipal attorney. An attorney who is a member of the governing body of a municipality shall not practice in the municipal court of that municipality.

(New language underscored.)

We recognize that the Rule amendment that we adopt today prohibiting municipal prosecutors from practicing criminal law as a defense attorney in the county in which he or she holds office will likely lead to some resignations by municipal prosecutors. Nonetheless, we agree with the Attorney General that a *per se* rule is required. "[T]he municipal prosecutor/defense attorney will always be part of the prosecutorial branch of the county because of the supervisory authority maintained by the County Prosecutor's Officer over the municipal prosecutors." We also agree with the Attorney General that there is no existing reason to require a statewide ban and that the prohibition against municipal prosecutors involvement in defense work should be limited to the county in which the municipal prosecutor serves. The new Rule, however, extends to all municipal courts located in the same

county in which the municipal prosecutor's municipality is located, and all criminal defense matters including but not limited to indictable offenses, as well as juvenile offenses, Megan's Law proceedings, and criminal prosecutions based on domestic violence violations.

## IV.

█ Finally, we address whether the amended Rule should have any retroactive application. The Court exercises its inherent power to preclude any retroactive application of the amended Rule. *State v. Lark,* 117 *N.J.* 331, 334–39, 567 *A.*2d 197 (1989); *State v. Burstein,* 85 *N.J.* 394, 402–03, 427 *A.*2d 525 (1981). There has been justifiable reliance on the old Rule and on *State v. Zold,* which is the only reported decision discussing the rule. *See State v. Knight,* 145 *N.J.* 233, 251, 678 *A.*2d 642 (1996). This Court denied certification in *Zold* and was never requested to change the practice approved in *Zold* until the present case. Moreover, any retroactive application of the amended Rule would have a substantial impact on the administration of justice. *State v. Brimage,* 153 *N.J.* 1, 26, 706 *A.*2d 1096 (1998). The Public Defender has estimated that there are at least 120 pending cases in which part-time municipal prosecutors have been assigned to represent defendants on indictable offenses in the Superior Court of the same county.

The amended Rule shall take effect on the date of this decision. However, municipal prosecutors may complete their current assignments or current terms of office, except that they will not be excused from complying with the amended Rule after December 31, 2000.

## V.

We reverse the judgment of the Appellate Division that vacated defendant's convictions. The matter is remanded to the Law Division, as directed by the Appellate Division, for resentencing.

*For reversal and remandment*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO—7.

*Opposed*—None.