820 A.2d 1230

BOSTON UNIVERSITY, PLAINTIFF–RESPONDENT, v. UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY, DEFENDANT AND THIRD–PARTY PLAINTIFF–APPELLANT, v. ALTEC, INC., THIRD–PARTY–DEFENDANT.

Argued February 3, 2003—Decided May 7, 2003.

142

*Douglas K. Wolfson,* Assistant Attorney General and *Rhonda S. Farber,* Deputy Attorney General, argued the cause for appellant (*David Samson,* Attorney General of New Jersey, attorney; *Andrea M. Silkowitz,* Assistant Attorney General, of counsel; *Ms. Farber,* on the briefs).

*Irvin M. Freilich* argued the cause for respondent (*Robertson, Freilich, Bruno & Cohen,* attorneys; *Mr. Freilich, Gary N. Donner* and *Jennifer A. Leighton,* on the briefs).

The opinion of the Court was delivered by

ZAZZALI, J.

█ In this appeal we must decide whether a licensed New Jersey attorney who is ineligible to practice law in this state nonetheless may rely on his good standing in another jurisdiction to appear *pro hac vice.* We hold that a licensed New Jersey attorney must be a member in good standing of the New Jersey Bar before he or she may appear *pro hac vice.*

I

Robert B. Smith, Esq., became a licensed New Jersey attorney in 1978 and thereafter practiced law in this state for approximately three years. Smith moved to Massachusetts in 1986 and began a practice there after being admitted to the bar. Since that date, Smith has not paid his annual fees to the New Jersey Lawyers' Fund for Client Protection (Client Protection Fund), as required by *Rules* 1:20–1(b) and 1:28–2. As a result, this Court annually has issued Orders that declare him ineligible to practice in this state. Smith now owes the Client Protection Fund approximately $2,489 in arrearages.

Currently, Smith serves as Associate General Counsel for plaintiff, Boston University (BU). BU moved before the trial court pursuant to *Rule* 1:21–2 to admit Smith *pro hac vice* to assist local counsel in a breach of contract action against defendant University of Medicine and Dentistry of New Jersey (UMDNJ). In connection with BU's motion, Smith submitted a certification in which he asserted that he is a member in good standing of the Massachusetts Bar. Smith did not disclose his status as a licensed New Jersey attorney.

In opposition to BU's motion, UMDNJ, represented by the Attorney General, argued that Smith should not be permitted to appear *pro hac vice* until he pays all amounts due the Client Protection Fund. The trial court disagreed, reasoning that Smith's good standing as a member of the Massachusetts Bar satisfies the requirements for *pro hac vice* admission. On his admission to practice *pro hac vice* in June 2002, Smith submitted payment to the Client Protection Fund for that year, as required by *Rule* 1:21–2(a), but did not pay his arrearages.

UMDNJ moved for reconsideration. In support of that motion, Kenneth J. Bossong, Director and Counsel to the Client Protection Fund, certified that an ineligible New Jersey attorney in arrearages for more than one year will not be deemed eligible merely because he or she makes a single year's payment of fees to the Client Protection Fund for the purpose of securing *pro hac vice* admission. Bossong explained that this Court requires payment of all arrearages before a licensed New Jersey attorney becomes eligible to practice again. Moreover, the Clerk of this Court certified that an attorney licensed in New Jersey may not receive a Certificate of Good Standing until that attorney pays all outstanding amounts he or she owes to the Client Protection Fund. After reviewing UMDNJ's submissions, the trial court again concluded that there was no reason to deny Smith *pro hac vice* admission.

UMDNJ moved for leave to appeal and the Appellate Division suggested in granting the motion that this Court consider the matter on direct certification. This Court subsequently certified UMDNJ's appeal on its own motion pursuant to *Rule* 2:12–1.

## II

The New Jersey Constitution vests this Court with plenary authority to regulate the practice of law in this state. *N.J. Const.* art. VI, § 2, ¶ 3. Pursuant to that authority, the Court has promulgated rules that require all New Jersey attorneys to pay an annual assessment of fees. *Rule* 1:20–1(b) provides that all indi-

viduals with a license to practice law in New Jersey must pay an annual fee to the Disciplinary Oversight Committee to support this Court's attorney-discipline and fee-arbitration systems. In addition, *Rule* 1:28–2 requires that attorneys pay an annual fee for the reimbursement of clients who have incurred financial losses because of dishonest attorney conduct.[1]

The Client Protection Fund collects those fees in accordance with the standards provided by *Rule* 1:28–2 and maintains a list of the names of attorneys who fail to pay. Pursuant to *Rules* 1:20–1(b)–(c) and 1:28–2, this Court annually issues an Order declaring that each attorney whose name appears on that list may not practice law in New Jersey until he or she pays any outstanding amounts due the Client Protection Fund. The Client Protection Fund then mails each ineligible attorney a copy of that Order with instructions on seeking reinstatement.

■ Acknowledging that Smith is ineligible to practice in New Jersey, BU nonetheless urges that Smith be allowed to appear *pro hac vice*. BU relies on *Rule* 1:21–2(a), which specifies the conditions under which an attorney may seek *pro hac vice* admission:

An attorney of any other jurisdiction, of good standing there, whether practicing law in such other jurisdiction as an individual member or employee of a partnership ... authorized to practice law in such other jurisdiction, *or* an attorney admitted in this state, of good standing, who does not maintain in this state a bona fide office for the practice of law may, at the discretion of the court in which any matter is pending, be permitted, *pro hac vice*, to speak in such matter in the same manner as an attorney of this state who maintains a bona fide office for the practice of law in this state and who is therefore, pursuant to *R.* 1:21–1(a), authorized to practice in this state. No attorney shall be admitted under this rule without annually complying with *R.* 1:20–1(b), *R.* 1:28–2, and *R.* 1:28B–1(e) during the period of admission.

[ (Emphasis added).]

BU argues that because *Rule* 1:21–2(a) is written in the disjunctive Smith may rely solely on his good standing in Massachusetts

---

[1] Since 1999, the annual assessment of attorneys also has included a component to fund the New Jersey Lawyers Assistance Program (NJLAP). In July 2002, the Court formalized this requirement with an amendment to *Rule* 1:28B. *See R.* 1:28B–1(e).

to appear *pro hac vice.* As BU reads *Rule* 1:21–2(a), status as a licensed New Jersey attorney is irrelevant when *pro hac vice* admission is sought on the basis of a foreign license.

We disagree. In addition to the prerequisites for *pro hac vice* admission contained in part a of *Rule* 1:21–2, part b(1) of that rule provides that those attorneys who are granted *pro hac vice* status must "abide by [the New Jersey Court] rules." *Rule* 1:21–2(b)(1). This Court's "Rule-making authority may be exercised by the promulgation of formal rules to be included in the published Rules of Court ... [or] in the form of general directives or specific orders." *In re Yaccarino,* 101 *N.J.* 342, 351, 502 *A.*2d 3 (1985); *see also State v. Clark,* 162 *N.J.* 201, 205, 744 *A.*2d 109 (2000); Pressler, *Current N.J. Court Rules,* comment on *R.* 1:1–1 (2003). Numerous Orders indicate that Smith may not practice law in this state until he pays his fees to the Client Protection Fund. Those Orders are clear, admit of no exception, and must be enforced strictly by our courts. Accordingly, Smith must pay the fees required by *Rules* 1:20–1(b) and 1:28–2, including all arrearages, before he may appear *pro hac vice.*

■ BU urges an interpretation of *Rule* 1:21–2 that would permit Smith to practice law before the New Jersey courts while freely shirking the financial obligations he incurred as a member of this state's bar. That reading of the Rule necessarily would produce an anomalous result, and the Court's Rules should not be so construed. *G. v. C.,* 172 *N.J.Super.* 123, 128, 410 *A.*2d 1199 (Law Div.1978), *aff'd,* 172 *N.J.Super.* 360, 412 *A.*2d 128 (App.Div. 1979). A license to practice law is a privilege burdened with conditions. *In re Pennica,* 36 *N.J.* 401, 433, 177 *A.*2d 721 (1962). Smith has elected to maintain his license to practice law in New Jersey, thereby preserving his right to seek immediate reinstatement as an attorney in good standing. This Court will not sanction Smith's decision to retain that benefit while he disregards his concomitant obligation to the Client Protection Fund.

### III

We now address Smith's failure to disclose in his certification to the trial court that he is currently ineligible to practice law in New Jersey. After oral argument, we provided Smith with an opportunity to respond to our concerns regarding his nondisclosure. Smith responded by affidavit and BU submitted a letter brief in support of Smith's position. UMDNJ filed a response to BU's letter brief.

"A lawyer shall not knowingly fail to disclose to the tribunal a material fact with knowledge that the tribunal may tend to be misled by such failure." *RPC* 3.3(a)(5). *See Kosmowski v. Atlantic City Med. Ctr.,* 175 *N.J.* 568, 577, 818 *A.*2d 319 (2003) (LaVecchia, J., concurring)("The duty to disclose material facts applies with equal force to matters relating to the substance of the underlying claim as well as to those that relate to procedural issues affecting management of the case."). For nearly two decades this Court has issued annual Orders indicating that Smith is ineligible to practice in this state because he failed to pay the fees required by *Rules* 1:20–1(b) and 1:28–2. Smith asserts, however, that he relied solely on the explicit language of *Rule* 1:21–2(a) in filing his certification for *pro hac vice* admission, that he was "not entirely clear" concerning his status before the New Jersey Bar, and that he never intended to mislead the trial court or UMDNJ.

Although we remain concerned about Smith's failure to mention his status as a New Jersey attorney, we will not refer this matter to the ethics authorities for further action. We emphasize, however, that pursuant to *Rule* 1:21–2(b)(1), qualifying for *pro hac vice* admission on the basis of good standing in another jurisdiction will not exempt a New Jersey attorney from the Rules and Orders that govern his or her practice before our courts. Thus, New Jersey attorneys who are not in good standing in this state must disclose that fact when they seek to appear *pro hac vice* under *Rule* 1:21–2.

## IV

In conclusion, we hold that a licensed New Jersey attorney must be a member in good standing of the New Jersey Bar before he or she may appear *pro hac vice*. Under *Rule* 1:21–2(b)(1), an attorney's appearance before our courts is conditioned expressly on that attorney's compliance with the Court Rules, including specific Orders. In this appeal, the trial court granted Smith permission to appear *pro hac vice* on the basis of his good standing in another jurisdiction. That permission, however, does not exempt Smith from this Court's Orders declaring that he remain ineligible to practice law in this state until he remits full payment to the Client Protection Fund.

If Smith remits full payment to the Client Protection Fund, including all arrearages, within thirty days of this decision and promptly thereafter obtains a Certificate of Good Standing from the Clerk of this Court, he then may represent BU in its contract dispute with UMDNJ. If Smith does not comply with the foregoing requirements, the trial court shall revoke Smith's permission to appear *pro hac vice* pursuant to *Rule* 1:21–2(d).

Further, we refer *Rule* 1:21–2 to the Civil Practice Committee for appropriate clarification consistent with this opinion.

We remand this matter to the trial court for further proceedings.

*For remandment*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI, and ALBIN—7.

*Opposed*–None.