**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0113-18T2

MICHAEL STRADA,

     Plaintiff-Appellant,

v.

SUSSEX COUNTY BOARD
OF CHOSEN FREEHOLDERS,
GEORGE F. GRAHAM,
JONATHAN M. ROSE, CARL F.
LAZZARO and ROBERT MIKAS,

     Defendants-Respondents.

_____

Submitted July 8, 2019 – Decided July 16, 2019

Before Judges Yannotti and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0671-18.

George T. Daggett, attorney for appellant.

Gebhardt & Kiefer, PC, attorneys for respondents (Richard P. Cushing, on the brief).

PER CURIAM

Plaintiff Michael Strada appeals from an order entered by the Law Division on August 2, 2018, which disqualified his attorney, George T. Daggett, from representing him in this action.[1]  We affirm.

Plaintiff became the Sheriff of Sussex County in 2011, and he has held that position since that time.  In April 2018, Daggett filed a three-count complaint on behalf of plaintiff against defendants, the Board of Chosen Freeholders of Sussex County; Freeholders George F. Graham, Carl F. Lazzaro, and Jonathan M. Rose; and County Treasurer Robert Mikas.  In the complaint, plaintiff alleged that defendants had engaged in certain actions, which unlawfully interfered with the operations of the Sheriff's Office, created a hostile work environment, and violated the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14.

Defendants thereafter filed a motion to disqualify Daggett, arguing that Rule 1:15-3(a) precludes him from representing plaintiff in this lawsuit while he is representing defendants in criminal matters in Sussex County.  The rule provides:

> An attorney who is a sheriff or county prosecutor, or is in the employ or service of such an official, shall not practice on behalf of any defendant in any criminal,

---

[1] The matter was scheduled for oral argument; however, counsel for respondents did not appear and counsel for appellant waived argument.

> quasi-criminal or penal matter, whether judicial or administrative in nature. Nor shall an attorney who is a sheriff of any county or in the sheriff's employ practice in any court in that county.
>
> [Ibid.]

Plaintiff opposed the motion. He argued that application of the rule should be reconsidered in light of the Supreme Court's amendments to the Rules of Professional Conduct (RPC), which eliminated the "appearance of impropriety" standard, and its adoption of RPC 1.8(k), which governs conflicts of interests by attorneys employed by a public entity. Plaintiff argued that Daggett is not disqualified under RPC 1.8(k).

In support of his argument, plaintiff submitted a certification in which he stated that unlike the sheriff's offices in larger counties, the Sussex County Sheriff's Office (SCSO) "does not conduct criminal investigations." He asserted the SCSO "primarily regulates" the county's correctional facility and provides security for the Sussex County Courthouse.

The judge heard oral argument on the motion, reserved decision, and later placed an oral decision on the record. The judge found that the elimination of the "appearance of impropriety" standard had no effect upon the disqualifications mandated by Rule 1:15-3(a). The judge determined that Rule 1:15-3(a) applied and precluded Daggett from representing plaintiff in this

litigation. The judge memorialized his decision in an order dated August 2, 2018. We thereafter granted plaintiff's motion for leave to appeal from the trial court's order.

On appeal, plaintiff argues that the disqualifications mandated by Rule 1:15-3(a) were based on the "appearance of impropriety" standard, which the Supreme Court eliminated when it adopted RPC 1.8(k). RPC 1.8(k) states that

> A lawyer employed by a public entity, either as a lawyer or in some other role, shall not undertake the representation of another client if the representation presents a substantial risk that the lawyer's responsibilities to the public entity would limit the lawyer's ability to provide independent advice for diligent and competent representation to either the public entity or the client.

Daggett argues that RPC 1.8(k) does not preclude him from representing plaintiff in this case while representing defendants in criminal matters in Sussex County.

A trial court's "determination of whether counsel should be disqualified is, as an issue of law, subject to de novo plenary appellate review." City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010) (citing J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 222 (App. Div. 2006)). Therefore, the trial court's decision on an attorney's disqualification is "not entitled to any special deference" on appeal. See Manalapan Realty, LP v. Twp. Comm. of

4

Manalapan, 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990); Dolson v. Anastasia, 55 N.J. 2, 7 (1969); Pearl Assurance Co. v. Watts, 69 N.J. Super. 198, 205 (App. Div. 1961)).

It is well-established that the Supreme Court has authority under the New Jersey Constitution to adopt rules that govern practice and procedure in this State's courts. See Winberry v. Salisbury, 5 N.J. 240, 245 (1950). In addition, the State Constitution grants the Court the "authority to regulate the legal profession." Trupos, 201 N.J. at 461 (quoting In re Supreme Court Advisory Comm. on Prof'l Ethics Op. No. 697, 188 N.J. 549, 554 (2006)).

In the exercise of that authority, the "Court adopted the [RPCs] in an effort to . . . provide clear, enforceable standards of behavior for lawyers." Ibid. (second alteration in original) (quoting Ethics Op. No. 697, 188 N.J. at 554). Prior to 2004, "RPC 1.7 "forb[ade] an attorney from representing a client in a situation that would create an appearance of impropriety, even if there were no actual conflict[.]" See State v. Loyal, 164 N.J. 418, 429 (2000).

In January 2001, the Court appointed a Commission to review the RPCs in light of a report issued by the American Bar Association evaluating the rules governing professional conduct of attorneys, and to make recommendations on the proposed RPCs and other issues. See Supreme Court of N.J., Administrative

A-0113-18T2

<u>Determinations in Response to the Report and Recommendation of the Supreme</u>

<u>Court Commission on the Rules of Professional Conduct</u> (2003) (<u>Administrative</u>

<u>Determinations</u>), <u>reprinted in</u> Michaels, <u>New Jersey Attorney Ethics</u> 1143

(2007).  In December 2002, the Commission issued its report.  <u>Ibid.</u>

Among other things, the Commission recommended elimination of the

"appearance of impropriety" standard from the RPCs.  <u>Id.</u> at 1151.  In its report,

the Commission stated in pertinent part:

> No rule has engendered as much criticism as that constituting "the appearance of impropriety" as a separate ethics violation.  After careful consideration, the Commission has concluded that other, more objective rules better serve the interests of the bench, bar, and public.  Further informing the Commission's conclusion is the Court's constitutional power over practice and procedure through which the judiciary may control the conduct of attorneys in judicial proceedings. In sum, the Commission believes that the elimination of the appearance-of-impropriety rule will not lower the standards of the Bar and expose the public to unethical conduct.
>
> The appearance of impropriety provisions in the RPCs seek to reduce the risk of improper conflicts. Because of their vagueness and ambiguity, those provisions, however, are not appropriate as ethics standards.  Moreover, courts have the independent authority, which they have exercised, to take corrective action when the risk of improper conflict threatens the administration of justice.
>
> [<u>Id.</u> at 1151-52.]

6

A-0113-18T2

The Commission also recommended that a municipal prosecutor's disqualification from criminal defense work in the same county should not extend to members or associates of the municipal prosecutor's law firm. Id. at 1152. The Commission stated, however, that the disqualification would still apply to criminal defense work that involves matters that have occurred in the municipality of the prosecutor or law enforcement personnel and other material witnesses from that municipality. Ibid. The Commission explained:

> In reaching its recommendation, the Commission reasoned that: 1) the better basis for personal and imputed disqualifications of a part-time municipal prosecutor is the Supreme Court's rule-making authority over practice and procedure, see State v. Clark, 162 N.J. 201, 205-06 (2000), 2) the critical considerations for determining such a disqualification are fairness in the prosecution of criminal and quasi-criminal matters, preservation of the right to a fair trial, effective assistance of counsel, prosecutorial impartiality, and the integrity of the administration of criminal justice, and 3) an ethics rule, particularly one based on the appearance of impropriety standard is unnecessary.
>
> [Ibid.]

In September 2003, the Court issued its administrative determinations in response to the Commission's report. Id. at 1143. The Court accepted the Commission's recommendation and eliminated the "appearance of impropriety" standard for the reasons stated by the Commission. Id. at 1152-53.

7

In addition, the Court agreed with the Commission's recommendation and determined that the "municipal prosecutor's disqualification should be personal to him or her except in the circumstances set forth in the Commission's comments." Id. at 1153. The Court therefore amended Rule 1:15-4(c) to state:

> As applied to partners, employers, employees, office associates, shareholders, and members, the limitations imposed on the practice of law by municipal prosecutors by [Rule] 1:15-3(b) shall extend only to matters that have occurred in the municipality in which the prosecutor serves and any matters that involve law enforcement personnel or other material witnesses from that municipality.

The Court also adopted RPC 1.8(k), which pertains to conflicts of interest by "lawyer[s] employed by . . . public entitie[s], either as a lawyer or in some other role[.]"

Notwithstanding plaintiff's arguments to the contrary, we are convinced that the Court's elimination of the "appearance of impropriety" standard in the RPCs did not alter or impliedly repeal Rule 1:15-3(a). As noted previously, the Commission recommended the elimination of the "appearance of impropriety" standard because it was vague and ambiguous, and did not provide a proper standard for ethical conduct by attorneys. Administrative Determinations, reprinted in Michaels, at 1152. The Commission stated that the better approach

is to regulate disqualifications with objective rules, adopted by the Supreme Court in the exercise of its rule-making authority. See id. at 1151.

The Commission did not recommend any change to the limitations on the practice of law set forth in Rule 1:15-3. The only change that the Commission recommended and was later implemented by the Supreme Court, is the change to Rule 1:15-4(c), which limited the disqualifications for municipal prosecutors. See id. at 1153.

Thus, the elimination of the "appearance of impropriety" standard did not affect the limitations on practice in Rule 1:15-3(a), which apply in this case. Indeed, Rule 1:15-3(c) makes clear that the disqualifications under that rule apply in addition to any limitations imposed by the RPCs or other provisions of the law. Rule 1:15-3(c) states, "Paragraphs (a) and (b) of the rule shall not be deemed to exhaust the limitations on practice necessitated by a conflict of interest on the part of an attorney representing a public body, agency, or officer."

Plaintiff argues, however, that the Court's decision in Trupos supports his contention that the disqualifications provided by Rule 1:15-3(a) must be reconsidered in light of the elimination of the "appearance of impropriety" standard from the RPCs. In Trupos, a law firm represented the City of Atlantic City in its defense of tax appeals in 2006 and 2007, and served as a non-voting

consultant on a committee responsible for evaluating those real estate tax assessments. Trupos, 201 N.J. at 452-53.

The issue before the Court in Trupos was whether the law firm was prohibited from representing a group of plaintiffs challenging subsequent tax assessments. Id. at 454. The Court noted that RPC 1.9(a) "provides . . . that '[a] lawyer who has represented a client in a matter shall not thereafter represent another client in the same or substantially related matter in which that client's interests are materially adverse to the interests of the former client[.]'" Id. at 462 (second and third alterations in original).

The Court stated that "whether the matters are the 'same or substantially related' must be based in fact, as [the Court] ha[s] 'reject[ed] the appearance of impropriety as a factor to be considered in determining whether a prohibited conflict of interest exists under RPC . . . 1.9.'" Id. at 464 (third and fourth alterations in original) (quoting Ethics Op. No. 697, 188 N.J. at 562 n.5). The Court established a standard for determining whether matters are substantially related, and applying that new standard, decided that the law firm was not disqualified from representing the parties in challenging the tax assessments. Id. at 467-70.

A-0113-18T2

We are convinced that plaintiff's reliance upon <u>Trupos</u> is misplaced. As we have explained, in that case, the Court considered and interpreted RPC 1.9. <u>Id.</u> at 462. <u>Rule</u> 1:15-3(a) was not at issue in <u>Trupos</u>. Furthermore, there is nothing in <u>Trupos</u> which suggests the disqualifications provided by <u>Rule</u> 1:15-3(a) must be reconsidered in light of the elimination of the "appearance of impropriety" standard.

We note that on appeal, plaintiff has not argued that <u>Rule</u> 1:15-3(a) does not apply to Daggett. Indeed, Daggett is an attorney "in the employ or service of" the Sheriff. Therefore, the rule precludes Daggett from representing plaintiff in this case while representing defendants in criminal matters in Sussex County. Therefore, the trial court correctly determined that Daggett is barred by <u>Rule</u> 1:15-3(a) from representing plaintiff in this case.

We have considered plaintiff's other arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0113-18T2