198 N.J. Super. 514 (1983)
487 A.2d 1257
MARY T. COMEFORD AND JOHN COMEFORD, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
FLAGSHIP FURNITURE CLEARANCE CENTER, DEFENDANT, AND W.J. SLOANE AND CITY STORES, INC., DEFENDANTS-RESPONDENTS-THIRD PARTY PLAINTIFFS,
v.
R. & R. SEAL COATING & STRIPPING, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1983.
Decided December 23, 1983.
*515 Before Judges PETRELLA and BRODY.
Richard C. Swarbrick argued the cause for appellants.
Thomas D. Flinn argued the cause for respondents (Robert W. McAndrew on the brief).
PER CURIAM.
Plaintiffs appeal the denial of the motion to restore their negligence case to the trial calendar. It had been dismissed for failure to answer interrogatories. We affirm.
There is no dispute regarding the procedural history of this case. On October 30, 1980 plaintiffs filed their negligence complaint against defendants arising out of a fall on defendants' premises. Defendants W.J. Sloane and City Stores, Inc. filed their answer on or about April 22, 1981 and filed a third-party complaint as well. Defendants served interrogatories on plaintiffs' attorney on April 27, 1981. By notice of motion dated April 22, 1982 and returnable May 21, 1982 the attorneys for defendants moved under R. 1:6-2 and 4:23-5 for an order dismissing the complaint for failure to supply answers to interrogatories. The supporting certification indicated that the time for service of the answers expired on June 27, 1981. The motion was granted and the then assignment judge entered an order of dismissal on May 21, 1982.
By a motion dated March 25, 1983 and filed April 6, 1983 with the Middlesex County Clerk, plaintiffs' attorney moved for an order of restoration. In support of that motion plaintiffs' attorney stated the following in his supporting certification which bears the date April 5, 1983.

*516 2) Interrogatories were not sent out because deponent was awaiting several hospital records from inside and outside the State, (namely Maryland). The Order was obtained following the period after the death of my mother.
3) As indicated by the date of letter (9/15/82), interrogatories were to be sent out incomplete. Because of my illness from October 1982 through February 1983, they were not sent out timely.
Deponent contends that this is excusable neglect. Moreover, the plaintiff, as indicated by interrogatories, has been confined to the hospital and home due to her injuries and could not answer the interrogatories.
4) Deponent is completing this Certification as a patient in St. Peter's Hospital, for another hospitalization, beginning on March 30, 1983.
Plaintiff's attorney states that incomplete answers to interrogatories were prepared on September 15, 1982, but because of intervening events they were not sent out by his office until April 4, 1983 when the motion to restore was filed.
Defendants' answering certification to the motion pointed out that there was no reason that the answers could not have been sent out even in an incomplete form at an earlier date. The certification stated that:
after the Order dismissing the Complaint was obtained, I personally called Mr. Swarbrick's office on more than one occasion to inquire as to whether or not he had any intention whatsoever of restoring this case. On none of those occasions did Mr. Swarbrick himself ever speak to me nor did he ever return any of my telephone calls. I was only told by whoever answered the phones that they would get back to me.
Plaintiffs' attorney responded by saying he has no record of those calls, although that falls short of a denial of the calls. In any event, following about 10 months of inactivity, defendants' attorney closed his file. Defendant asserted that his client was prejudiced by the delay and the obvious lapse of time which would fade memories.
The record does not disclose any order denying plaintiffs' motion for restoration. However, plaintiffs' attorney filed a "Notice of Motion for a Rehearing on the Motion Denying the Restoration of the Complaint," relying on R. 1:1-2 and R. 4:50-1(a), (b), (e) and (f). The certification annexed to this motion was more detailed and referred, without specific dates or facts, to a hospitalization at the time of the previous motion and prior illness of his mother and father.
*517 In response to the motion for reconsideration, defendants' attorney relied on his prior opposition to the effect that there was no reason shown for the delay, and in any event that there was no reason why plaintiff could not have obtained another attorney to do the work.
The motion was denied by the assignment judge who entered an order on June 3, 1983 denying the relief requested. This appeal followed.
Plaintiffs' attorney argues that he was moved to file the motion for reconsideration because his secretary reminded him that the one-year provision under R. 4:50 was about to expire. That argument is somewhat inconsistent with his lack of compliance with the time limitations under R. 4:23-5. That Rule provides that a dismissal for failure to answer interrogatories may be vacated by motion made by the delinquent party within 30 days after service upon him of the order. Ordinarily dismissal under this Rule will not bar reinstitution, absent egregious circumstances, as long as the statute of limitations has not expired. See Zaccardi v. Becker, 88 N.J. 245 (1981).
We have considered the record and have concluded that it was within the discretion of the assignment judge in this case to refuse to restore the complaint. Appellate courts have generally declined to interfere with matters of discretion unless it appears that an injustice has been done. Allegro v. Afton Village Corp., 9 N.J. 156, 160-161 (1952); Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 339 (1951), and Bell v. Llewellyn Publications Co., 61 N.J. Super. 263, 267 (App.Div. 1960), certif. den. 33 N.J. 118 (1960).
While dismissal of a party's cause of action is a drastic sanction, it may be invoked where undue delay has occurred and where there is an inadequate explanation for delay in making discovery or complying with the rules, or if an attorney has not made efforts to assure that he has sufficient help in his office to handle the cases properly. An attorney should not take on more cases than his office can properly handle. There is no intimation in the record in this case that plaintiffs' *518 attorney in effect closed his office for two years and that he did not participate in other cases during that time. He could hardly do that without detriment to his clients, and if that were to occur, he has an obligation to see that his clients are referred to other attorneys otherwise he might be considered negligent or as having abandoned the client. Cf. DR 6-101.
Our review of the record reveals no satisfactory explanation for all of the protracted delays in this case or the failure to comply with our Rules of discovery, particularly R. 4:23-5.
In our view the tortuous and extended history of this case warranted the assignment judge's refusal to restore plaintiffs' complaint. Interchemical Corp. v. Uncas Printing & Fin. Co., Inc., 39 N.J. Super. 318, 326 (App.Div. 1956).
Affirmed.