223 N.J. Super. 15 (1988)
537 A.2d 1314
ROSE CUNNINGHAM, PLAINTIFF-APPELLANT,
v.
ELIZABETH RUMMEL AND WILLIAM RUMMEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1988.
Decided February 9, 1988.
*16 Before Judges COLEMAN, HAVEY and STERN.
Steven L. Kessel argued the cause for appellant (Drazin & Warshaw, attorneys; Steven L. Kessel on the brief).
John Lee argued the cause for respondents (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys; Stephen J. Foley, Jr., on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
In this personal injury action, plaintiff appeals from an order dismissing her complaint for failure to attend a deposition. Defendants had moved for an order to set a date certain for the taking of the deposition. The motion was denied because of a "local rule" that the appropriate motion when a party fails to attend a deposition is for dismissal of the complaint or suppression of the answer, rather than to fix a date certain for the deposition. When plaintiff again did not attend a scheduled deposition, defendants moved to dismiss and the motion was granted.
*17 We reverse. There is no authority for a "local rule" limiting sanctions available to a motion judge for a violation of the discovery rules. Here, dismissal of the complaint, predicated at least in part on the "local rule," was an abuse of discretion. We therefore reverse and remand for further proceedings.
On June 16, 1986 plaintiff filed a complaint against defendants seeking damages for injuries she sustained in an automobile accident. Depositions of all the parties were scheduled for November 14, 1986 but were adjourned when defendant Elizabeth Rummel became ill. The depositions were rescheduled for December 19, 1986 but were again adjourned because plaintiff's counsel was unable to attend. The depositions were then set for February 11, 1987. However, defendant Elizabeth Rummel suffered a stroke and could not attend. Plaintiff's counsel refused to produce plaintiff at the depositions. It was his view that all of the parties should be deposed together "in the interest of efficiency."
On April 14, 1987 defendants moved to compel the deposition of the plaintiff on May 14, 1987. The motion judge denied the motion in accordance with a "local rule"[1] controlling discovery motions which provided as follows:
If a party does not appear for depositions, the appropriate motion is to dismiss the complaint or strike an answer. You do not move to compel a party to appear for deposition.
The parties then scheduled plaintiff's deposition for May 14, 1987. Plaintiff's counsel was again unable to attend. Defendants thereupon moved to dismiss the complaint. The motion judge granted the motion, observing that R. 4:23-2(b)(3) authorized *18 the dismissal and that there is no requirement under the rules "that such deposition be scheduled pursuant to Court order...."
On appeal plaintiff contends that the "local rule" circumscribes judicial discretion in the disposition of discovery motions under the Rules Governing Civil Practice. She also argues that the motion judge abused her discretion in dismissing the complaint without making a finding of bad faith or considering alternative sanctions. We agree with both points.
A local court has no authority to promulgate rules which abrogate or modify the rules promulgated by the Supreme Court. The Supreme Court's power to adopt court rules stems from the grant of such authority in N.J. Const. (1947) Art. VI, § II, par. 3. See Winberry v. Salisbury, 5 N.J. 240, 245, cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). This rule-making authority "has also been widely recognized as falling within court's inherent powers." State v. Leonardis, 73 N.J. 360, 368 (1977) (Leonardis II); see also Passaic Cty. Probation Officers' Ass'n v. Cty. of Passaic, 73 N.J. 247, 252 (1977). That the Supreme Court's rule-making power and authority over the administration of all courts in the State is exclusive has never been in doubt. Ibid, see also N.J.Dist.Ct. Assoc., Inc. v. N.J.Sup.Ct., 205 N.J. Super. 582, 586 (Law Div. 1985), aff'd 208 N.J. Super. 527 (App.Div.), certif. den. 104 N.J. 386 (1986); State v. Whitehead, 159 N.J. Super. 433, 446 (Law Div. 1978), aff'd 80 N.J. 343 (1979); U.S. Pipe, etc., Co. v. United Steelworkers of America, 59 N.J. Super. 240, 279 (App. Div. 1960); Gargano v. Venezio, 38 N.J. Super. 127, 131 (App. Div. 1955); Suchit v. Baxt, 176 N.J. Super. 407, 424 (Law Div. 1980).
Discovery rules are designed to further "the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability and security in the conduct of litigation." Zaccardi v. Becker, 88 N.J. 245, 252 (1982) (Zaccardi II). Thus, if discovery rules are to have any meaningful *19 effect upon calendar control and early disposition of litigation, they must be adhered to unless, for good cause shown, they are relaxed under R. 1:1-2. See Zaccardi v. Becker, 162 N.J. Super. 329, 332 (App.Div.), certif. den. 79 N.J. 464 (1978) (Zaccardi I). Here, the "local rule" clearly undermines the Supreme Court's exclusive domain as well as the public policies of providing "uniformity, predictability and security in the conduct of litigation" throughout the State. Zaccardi, supra, 88 N.J. at 252.
Dismissal of a complaint, of course, is not the sole remedy when a plaintiff violates a discovery rule. R. 4:23-4 provides that if a party fails to appear at his or her deposition, the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (1) (2) and (3) of R. 4:23-2(b)." R. 4:23-2(b) provides for the following sanctions: (1) that the matters which are the subject of discovery shall be deemed established for the purpose of the action; (2) refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence, and (3) striking pleadings or parts thereof, staying further proceedings until the order is obeyed, or dismissing the action or rendering judgment by default. R. 4:23-4 also provides that in lieu of any order, the court may require the party failing to act to pay the reasonable expenses, including attorneys fees caused by the failure. The "local rule" here clearly precluded these alternative sanctions and thus has no validity.
Generally we decline to interfere with discretionary rulings involving discovery unless it appears that an injustice has been done. See Comeford v. Flagship Furniture Clearance Center, 198 N.J. Super. 514, 517 (App.Div. 1983), certif. den. 97 N.J. 581 (1984). Here, adherence to the "local rule" was such an injustice. At oral argument before us defense counsel stated he simply wanted to fix a date certain for the taking of plaintiff's deposition, and that is why he moved on April 14, 1987 to have the date fixed. His motion was clearly proper *20 under R. 4:23-4. Defendants' subsequent motion to dismiss was dictated by the motion judge's refusal to enter such an order predicated on the "local rule's" mandate requiring a motion for dismissal of the complaint. When the motion judge dismissed the complaint she made no factual analysis regarding whether there was bad faith on plaintiff's part, whether lesser sanctions than dismissal "would suffice to erase the prejudice suffered by the non-delinquent party" or whether defendant had been prejudiced at all. Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. 114, 120 (App.Div. 1985); Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190, 194-195 (App.Div. 1985).
Prejudice has not even been asserted by defendant. Moreover, while it may be no excuse that plaintiff's law firm was understaffed and had no one available to cover the deposition on two dates, see Comeford, supra, 198 N.J. Super. at 517, the depositions were adjourned on two occasions because of defendant Elizabeth Rummel's illness. Further, plaintiff was ready and able at all times to attend the deposition. Her attorney's inability to attend the depositions should not in the circumstances be visited upon this "blameless client." See Wilkins v. Hudson County Jail, 217 N.J. Super. 39, 46 (App.Div. 1987); Jansson, supra, 198 N.J. Super. at 195-196. We must therefore assume, as do the parties, that the order of dismissal was entered, at least in part, because of the motion judge's adherence to the "local rule." Dismissal of the complaint was therefore an abuse of discretion.
The order of dismissal is reversed. We remand for the entry of an order reinstating plaintiff's complaint and fixing of a date certain for the depositions of the parties. On remand, the motion judge should also determine whether defendant Elizabeth Rummel is able to be deposed in view of her present medical condition, and enter the appropriate order. We do not retain jurisdiction.
NOTES
[1] A new rule has since been issued by the presiding judge of the Civil Part stating:

Motion to Compel Depositions  I will fix the date, place and time for the deposition. Failure to appear will preclude that person's testimony at trial.
The Order shall set forth the self-executing nature thereof.
The amended "local rule" also limits the sanctions available to a motion judge under our Rules Governing Civil Practice.