704 A.2d 1047

CLARENCE SHAMBRY, PLAINTIFF–RESPONDENT, v. NEW JERSEY TRANSIT BUS OPERATIONS, INC. AND KENNETH D. WILLIAMS, DEFENDANTS–RESPONDENTS, AND HARVEY L. HARRIS AND CHRISTOPHER J. HARRIS, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1998—Decided February 5, 1998.

Before Judges SHEBELL, A.A. RODRIGUEZ and COBURN.

*Francis X. Ryan,* argued the cause for appellants (*Law Offices of Green, Lundgren & Ryan,* attorneys; *Mr. Ryan,* on the brief).

*Richard M. Josselson,* argued the cause for respondent, Shambry (*Mitnick, Josselson, DePersia & DePersia,* attorneys; *Mr. Josselson,* on the brief).

*Melvin M. Wright, Jr.,* Deputy Attorney General, argued the cause for respondent, New Jersey Transit Bus Operations, Inc. (*Peter Verniero,* Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Mr. Wright,* on the brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

This controversy involves the rejection of an arbitration award in a consolidated case by a party who is involved in only one of the cases. It raises the question: Does such a rejection require a trial *de novo* as to all of the consolidated actions?

On September 17, 1993, a bus, owned by defendant New Jersey Transit Bus Operations, Inc. (NJT) and driven by its defendant-employee, Kenneth D. Williams, collided with an automobile owned by defendant Harvey L. Harris and driven by defendant Christopher J. Harris. Two bus passengers, Clarence Shambry and Carleen Bozarth, filed separate actions against the four defendants in the Law Division, Camden County. Shambry's 1994 action was filed under docket number L–6776–94. Bozarth's 1995 action was filed under docket number L–2844–95. On May 26, 1995, an order was entered which "consolidated" the two actions "under Docket No. L–6776–94."

On February 6, 1996, the matter was arbitrated under *R.* 4:21A. A single award was filed on that date, which found 100% liability against the Harris defendants and 0% liability on the part of NJT and its employee. The arbitrator awarded $14,000 to Shambry and $40,000 to Bozarth. On February 7, 1996, Bozarth filed a notice of rejection of the arbitration award and demanded trial *de*

*novo* pursuant to *R.* 4:21A–6(b)(1). This rule provides that an order shall be entered dismissing the action following the filing of the arbitration award unless, within 30 days after filing the award, "a party thereto files with the civil case manager and serves on all other parties a notice of rejection of the award and demand for a trial *de novo*...." *R.* 4:21A–6(b)(1).

Shambry did not file a notice of rejection and demand for a trial *de novo*, leading the NJT defendants, on March 29, 1996, to file a motion for confirmation of Shambry's arbitration award and for entry of judgment. *See R.* 4:21A–6(b)(3). Also, the Harris defendants did not file a notice of rejection and remand for a trial *de novo*, and on April 3, 1996, Shambry filed a motion for confirmation of his arbitration award and for entry of judgment.

On April 11 and 15, 1996, the Harris defendants filed briefs in opposition to these motions. They noted that, on May 26, 1995, Shambry and Bozarth's actions had been "consolidated" and that, on February 7, 1996, Bozarth had filed "a demand ... for a trial *de novo*." They also noted that *R.* 4:21A–6(c), in part, says: "An action in which a trial *de novo* has been demanded by any party shall be returned, as to all parties, to the trial calendar for disposition." They concluded, therefore, that the entire consolidated action was required to be returned to the trial list. On May 14, 1996, the Harris defendants filed a "cross-motion for leave to file trial *de novo nunc pro tunc.*"

The record reflects that there was a "COURT NOTICE" to the Camden County bar that was published in the May 1996 issue of *The Barrister*, a publication of the Camden County Bar Association, subsequent to the events surrounding the arbitration in question. This notice, signed by Judge Vogelson, P.J.S.C., says:

It is hoped that the following will clarify any confusion that may exist regarding the filing of a De Novo in consolidated cases in Camden County.

*Rule 4:21A–6C states: Trial De Novo—An action in which a trial de novo has been demanded by any party shall be returned, as to all parties, to the trial calendar for disposition.* Camden County's interpretation of this rule is: When a consolidation takes place, all the docket numbers remain the same as they were

prior to the consolidation. Therefore, when a de novo request is filed, each case is considered to be an individual case. . . .

In keeping with the foregoing, the Bar is advised that a request for a de novo in a consolidated action does not automatically de novo all the consolidated matters.

At the hearing on June 6, 1996, the motion judge noted that, while he was not bound by Judge Vogelson's interpretation, the Presiding Judge of Civil in the vicinage had interpreted *R.* 4:21A–6(c) and had given it a "reasonable interpretation." According to the motion judge, Judge Vogelson meant that, "even though these [two] cases were for administrative purposes put together," they were, "nevertheless, two totally separate and distinct actions." The motion judge then ruled that the "arbitration will be confirmed as to Clarence Shambry and the dismissal of claims, in that case only, against the New Jersey Transit Company will likewise be confirmed."

The Harris defendants note that the Administrative Office of the Courts (AOC), in the *New Jersey Arbitration Newsletter*, stated the following in the Summer 1995 issue:

EFFECT OF TRIAL DE NOVO REQUESTS ON CONSOLIDATED CASES

Rule 4:21A–6c provides that the filing of a trial *de novo* request by one party returns the entire case, as to all parties, to the trial calendar for disposition. Therefore, if a case was consolidated prior to arbitration and one party files a trial *de novo* request, the entire case (including all of the separate matters consolidated) must be returned to the trial calendar as to all parties.

While we are not suggesting that the AOC is to be accepted as the authoritative interpreter of court rules, we do, however, agree with its interpretation of the rule as presently written. *R.* 4:21A–6(c) was amended in 1987 to clarify "that if only one party requests a trial *de novo* then the entire controversy involving all parties is to be tried *de novo*." 2 *New Jersey Practice, Court Rules Annotated, R.* 4:21A–6. comment 2 at 305 (Ralph N. Del Deo & John H. Klock) (4th ed.1989). Thus, according to the *New Jersey Practice* authors, there can be "no partial arbitration and partial trial." *Ibid.* The rule specifically was amended to provide that "[a]n action in which a trial *de novo* has been demanded by any party shall be returned, as to all parties, to the trial calendar

for disposition." *R.* 4:21A–6(c). No such language was contained in the 1986 rule.

■ We hold that the amendatory language applies to all parties in all cases in the consolidated action. *R.* 4:38–1, relating to the consolidation of multiple actions, contemplates that separate actions will be fused into one single action. *Ettin v. Ava Truck Leasing, Inc.,* 53 *N.J.* 463, 477, 251 *A.2d* 278 (1969); *Florio v. Galanakis,* 107 *N.J.Super.* 1, 5, 256 *A.2d* 497 (App.Div.1969). Therefore, the request for a trial *de novo* in one of the cases triggers and compels the return of the entire consolidated action and all of its components to the trial calendar.

■ Moreover, the language employed by Judge Vogelson suggests that a "local rule" was thereby established in Camden County with regard to *R.* 4:21A–6(c). There is no authority to promulgate rules "which abrogate or modify the rules promulgated by the Supreme Court," because the Supreme Court's rule-making power is "exclusive." *Cunningham v. Rummel,* 223 *N.J.Super.* 15, 18, 537 *A.2d* 1314 (App.Div.1988). A "local rule" that undermines the Supreme Court's "exclusive domain" over the promulgation of court rules and the public policy of providing "uniformity, predictability and security in the conduct of litigation" throughout the State has "no validity." *Id.* at 18–19, 537 *A.2d* 1314.

■ While there may be reasons to provide exceptions to *R.* 4:21A–6(c), "Camden County's interpretation" is contrary to what we perceive as the intended uniform state-wide interpretation of the rule and it cannot prevail absent action by the Supreme Court to amend the rule. We recommend that its Civil Practice Committee review the issue. In any event, in these circumstances, it should not serve to deprive the defendants of their right to a trial *de novo.*

We, therefore, reverse and remand the orders under review.