**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3356-22

THOMAS MAHALCHICK, JR.,
both individually, as surviving
beneficiary, and on behalf of the
Estate of ROMAINE
MAHALCHICK, and WILLIAM
MAHALCHICK, individually
as surviving beneficiary,

      Plaintiffs-Appellants,

v.

ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL
RAHWAY, ROBERT WOOD
JOHNSON PHYSICIAN
ENTERPRISE, MICHAEL CHEN,
M.D., MICHAEL BERNSTEIN, M.D.,
ABHISHEK SHRIVASTAVA,
M.D., KRISTEN ELEFTERHIOU,
P.A., RINGLE BIJU, R.N., FARHAD
KELIDDARI, M.D., ENVISION
PHYSICIAN SERVICES, f/k/a
EMERGENCY MEDICAL
ASSOCIATES, ENVISION
HEALTHCARE CORPORATION,
EMCARE, INC., and VIRTUAL
RADIOLOGIC CORPORATION,
d/b/a VRAD,

Defendants,

and

DANIEL WANG, M.D., HAROLD
CHUNG-LOY, M.D., VINCENT
MOSS, M.D., SCOTT S. CHAE, M.D.,
MICHAEL VOLPE, B.S.N., ROWENA
CABRAL, R.N., ABIGAIL VERZERIS,
B.S.N., ALEXANDER APOSTOL, R.N.,
and SURGICAL PRACTICES
ASSOCIATES, P.A.,

       Defendants-Respondents.

_____

Argued October 1, 2024 – Decided November 15, 2024

Before Judges Gilson, Bishop-Thompson, and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2121-18.

Daniel N. Epstein argued the cause for appellants (Epstein Ostrove, LLC, attorneys; Daniel N. Epstein, on the briefs).

Thomas J. Heavey argued the cause for respondents Harold Chung-Loy, M.D., Vincent Moss, M.D., and Surgical Practices Associates, P.A. (Grossman, Heavey & Halpin, PC, attorneys; Thomas J. Heavey, of counsel and on the brief; Brendan M. Ruckert, on the brief).

PER CURIAM

In this medical malpractice case, plaintiffs Thomas Mahalchick, Jr. and William Mahalchick, as surviving beneficiaries and on behalf of the estate of their mother, Romaine Mahalchick, appeal from a judgment entered on May 25, 2023 in favor of defendant Harold Chung-Loy, M.D.

The issues on appeal involve whether the motion judge erred by denying plaintiffs' motion to name a new expert witness, and by not reconsidering this decision. Plaintiffs appeal two orders dated August 27, 2021, and November 12, 2021, memorializing these decisions, respectively. After our careful review of the record and governing law, we affirm.

I.

We summarize the salient facts from the evidence adduced at trial and the motion record. On June 12, 2016, Romaine Mahalchick, an eighty-one-year-old woman with multiple comorbidities, was taken and admitted to the emergency room at Robert Wood Johnson University Hospital with intense abdominal pain.

On the evening of June 12th, emergency room staff contacted the on-call surgeon, Dr. Harold Chung-Loy, for a consultation regarding Ms. Mahalchick. Staff relayed to Dr. Chung-Loy all information available at that time, including her symptoms, lab test results and CAT scan report. No one requested that Dr. Chung-Loy come into the hospital that evening. Dr. Chung-Loy had the

impression that Ms. Mahalchick had colitis, with a set of possible causes for this condition.

Ms. Mahalchick's condition worsened throughout the night, and by the next morning, she was admitted to the Intensive Care Unit (ICU). Dr. Chung-Loy examined Ms. Mahalchick the next day when he arrived at the hospital. He noted that Ms. Mahalchick may have "ischemic colitis."[1] Initially, Dr. Chung-Loy concluded that surgery would be too risky given Ms. Mahalchick's condition that morning; however, as the day progressed, Dr. Chung-Loy decided that surgical intervention was necessary. Ms. Mahalchick was prepared for surgery, which occurred that evening. After surgery, Dr. Chung-Loy described Ms. Mahalchick's colon as "discolored and grossly ischemic." Sadly, Ms. Mahalchick died the following day from "severe ischemic colitis and septic shock."

On June 13, 2018, plaintiffs filed a complaint for wrongful death and survival claims alleging medical malpractice. The complaint, later amended, named the hospital and other medical providers which settled their claims with plaintiffs.

---

[1] Dr. Chung-Loy defined "ischemic colitis" as an "inflammation of the colon due to low [blood] flow."

A-3356-22

Plaintiffs' initial affidavit of merit (AOM), dated August 23, 2018, was submitted by Paul E. Collier, M.D., specializing in both general and vascular surgery. In December 2018, defendants Dr. Harold Chung-Loy and Dr. Vincent Moss filed a motion to dismiss plaintiffs' complaint for failure to serve an appropriate and timely AOM. Because Dr. Chung-Loy was a general surgeon only, plaintiffs retained a new expert, David Mayer, M.D., specializing in general surgery. Dr. Mayer submitted an AOM dated November 21, 2018, and an expert report dated August 30, 2020.

Discovery ensued and was extended multiple times in this complex case. In a case management order dated February 16, 2021, a discovery end date of July 20, 2021 was set. The order stated that plaintiffs' experts' reports had been completed and expert depositions were scheduled to be completed by June 15, 2021.

Dr. Mayer's deposition was taken on June 8, 2021. During his deposition, the issues of Dr. Mayer's credentials and hospital privileges were addressed. After his deposition, on July 6, 2021, defendants moved to bar Dr. Mayer as an expert for lack of qualification. Plaintiffs filed opposition and a cross-motion seeking time to obtain and serve a new expert report.

A-3356-22

While defendants' motion to bar Dr. Mayer and plaintiffs' cross motion to obtain a new expert were pending, plaintiffs served a new expert report authored by Stephen Ferzoco, M.D., dated July 29, 2021. Before the motion and cross-motion were heard, the trial judge entered an order on August 9, 2021, extending discovery by 120 days to November 17, 2021. The order provided for expert depositions to be completed by October 17, 2021, and directed that at the next case management conference on October 1, 2021, all expert depositions were to be completed or scheduled.

On August 25, 2021, defendants withdrew their motion to bar Dr. Mayer and requested the cross-motion be denied as moot. Even though plaintiffs argued that Dr. Mayer was qualified to testify, they would not withdraw their cross-motion.

Oral argument on plaintiffs' cross-motion occurred on August 27, 2021. The motion judge denied plaintiffs' request to obtain a new expert. The judge's reasoning for denying the relief was based upon the age of the case; multiple discovery extensions had already been granted; the near completion of expert depositions; and plaintiffs having an expert who had opined on the standard of care. The judge concluded those facts militated against granting plaintiffs' relief for a new expert at this late stage of an already aged case.

Two additional case management conferences were held on October 1 and October 12, 2021. In an order entered on November 17, 2021, by consent, discovery was extended to December 30, 2021. Additionally, the order set forth in detail the remaining dates for expert depositions and directed that the depositions could not be adjourned without the judge's permission.

Plaintiffs filed a motion for reconsideration of the motion judge's denial to name Dr. Ferzoco as their expert. At oral argument on November 12, 2021, the motion judge found there had been no change in circumstances and denied reconsideration.

Trial commenced in May 2023. The jury rendered a verdict in favor of defendant Dr. Chung-Loy on May 25, 2023, and all claims against defendant were dismissed. This appeal followed.

II.

On appeal, plaintiffs argue the motion judge abused his discretion in two respects: first, by denying plaintiffs' request to name Dr. Ferzoco as their expert witness; and second, by not reconsidering the prior denial given that discovery had been extended to December 30, 2021, expert depositions had not been completed, and no trial date had been scheduled. Plaintiffs contend that because

of these errors a new trial is warranted. We are not persuaded that the motion judge abused his discretion in either circumstance.

"[W]e apply an abuse of discretion standard to decisions made by our trial courts relating to matters of discovery." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (citing Bender v. Adelson, 187 N.J. 411, 428 (2006)). Unless a trial court has abused its discretion or misapplied the law, "we generally defer to a trial court's disposition of discovery . . . ." Ibid. (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005)) (citing Payton v. N.J. Turnpike Auth., 148 N.J. 524, 559 (1997)). Moreover, we generally "decline to interfere with discretionary rulings involving discovery unless it appears that an injustice has been done." Cunningham v. Rummel, 223 N.J. Super. 15, 19 (App. Div. 1988).

An abuse of discretion is a ruling that "represents a manifest denial of justice." In re Est. of Lash, 329 N.J. Super. 249, 262 (App. Div. 2000) (quoting Cnty. of Essex v. Waldman, 244 N.J. Super. 647, 667 (App. Div. 1990)). Moreover, an abuse of discretion is found when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d

1260, 1265 (7th Cir. 1985)).  We will uphold the "findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384 (2010) (quoting MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007)) (internal quotation marks removed).

Likewise, a decision on a motion for reconsideration of an interlocutory discovery order is reviewed under the abuse of discretion standard.  See Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017). Under Rule 4:42-2, interlocutory orders are subject to revision "at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." R. 4:42-2(b).  Interlocutory orders, therefore, may be revised "when it would be consonant with the interests of justice to do so," Ford v. Weisman, 188 N.J. Super. 614, 619 (App. Div. 1983), and not solely when an order is "palpably incorrect" or something new has occurred, Lawson v. Dewar, 468 N.J. Super. 128, 134-36 (App. Div. 2021).

A.   The August 27, 2021 Order

Plaintiffs assert that by the time the motion judge ruled on their motion to permit them to name a new expert on August 27, 2021, the trial judge had already entered the August 9, 2021 order extending discovery to November 17,

9

2021. Plaintiffs further contend that <u>Rule</u> 4:17-7 permits a party to amend its answers to interrogatories, which include expert witnesses. Thus, plaintiffs argue the motion judge erred in denying their motion in light of the August 9th case management order and <u>Rule</u> 4:17-7. We are not persuaded by these arguments.

"The right of a trial court to manage the orderly progression of cases before it has been recognized as inherent in its function." <u>Casino Reinvestment Dev. Auth. v. Lustgarten</u>, 332 N.J. Super. 472, 488-89 (App. Div. 2000). At the time plaintiffs filed their cross-motion seeking to name a new expert on July 15, 2021, the controlling case management order dated February 16, 2021, noted that plaintiffs' final expert reports had been completed and that the discovery deadline was set for July 20, 2021. Plaintiffs served the new expert, Dr. Ferzoco's report on July 30, 2021, after the discovery deadline and prior to any extension being granted. As such, plaintiffs were out of time to have Dr. Ferzoco included as an expert because discovery for identifying experts had ended.

On August 9th, when the trial judge extended discovery to November 17, 2021, the extension was for the limited purpose of completing the expert depositions, which were to be accomplished by October 17, 2021. The motion

judge was rightly concerned about permitting a new expert into this three-year-old complex case with multiple medical and legal professionals at that late stage given the disruption and challenges it would create for the completion of the remaining expert depositions.

Moreover, as the motion judge aptly noted, because defendants had withdrawn their motion to bar Dr. Mayer's testimony, plaintiffs had an expert whom they asserted was qualified to provide expert testimony in this case. Even though plaintiffs were seeking to name a new expert to avoid issues with Dr. Mayer's qualifications, they filed opposition to defendants' motion to bar Dr. Mayer, arguing that he satisfied the requirements of the New Jersey Medical Care Access and Responsibility and Patients First Act (PFA), N.J.S.A. 2A:53A-41, as an expert in general surgery.

Plaintiffs' assertion that Rule 4:17-7 allowed them to amend their answers to interrogatories, thereby naming a new expert is misplaced. Rule 4:17-7 permits a party to amend answers to interrogatories "[no] later than 20 days prior to the end of the discovery period . . . . " R. 4:17-7. In this case, plaintiffs would have had to amend their answers twenty days prior to July 20, 2021, the controlling end date in the February 16, 2021 order.

Moreover, Rule 4:17-7 allows for "[a]mendments . . . thereafter only if the party seeking to amend certifies therein that the information requiring the amendment was not reasonably available or discoverable by the exercise of due diligence prior to the discovery end date." Ibid. Plaintiffs argue that Dr. Mayer's qualification issues became known only during his deposition. However, through the exercise of due diligence, these qualification issues could have been discovered long before June 2021, when Dr. Mayer was deposed. In fact, Dr. Mayer prepared an AOM for plaintiffs in 2018 and presumably, had provided his resume to plaintiffs at that time.

Plaintiffs did not file a notice of motion to extend discovery. However, even if the motion to name a new expert was considered a motion for an extension of discovery under Rule 4:24-1, plaintiffs argue the motion judge erred by failing to apply the "good cause" standard because no trial date had been set. This argument fails as well.

In considering a motion to extend discovery under Rule 4:24-1, when no trial date is scheduled, the court "shall enter an order extending discovery" where "good cause is otherwise shown." R. 4:24-1(c). At the time of plaintiffs' motion to name a new expert, no trial date had been scheduled. They contend

12

good cause had been shown, and therefore, the motion judge erred in denying their request.

"The term 'good cause shown' is flexible and its meaning is not fixed and definite." Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 87 (App. Div. 2007) (citing Tholander v. Tholander, 34 N.J. Super. 150, 152 (Ch. Div. 1955)). In determining whether good cause exists to extend a discovery end date, "there are a number of factors which a trial court should consider . . . "

> (1)    the movant's reasons for the requested extension of discovery;
>
> (2)     the movant's diligence in earlier pursuing discovery;
>
> (3)    the type and nature of the case, including any unique factual issues which may give rise to discovery problems;
>
> (4)    any prejudice which would inure to the individual movant if an extension is denied;
>
> (5)    whether granting the application would be consistent with the goals and aims of "Best Practices";
>
> (6)    the age of the case and whether an arbitration date or trial date has been established;
>
> (7)    the type and extent of discovery that remains to be completed;
>
> (8)    any prejudice which may inure to the non-moving party if an extension is granted; and

A-3356-22

(9) what motions have been heard and decided by the court to date.

[Id. at 87-88.]

Plaintiffs contend these factors for assessing good cause had been satisfied. We recognize that no motion to extend discovery had been filed. Nonetheless, in denying plaintiffs' request to name a new expert, the motion judge addressed many of these factors. We discern no abuse of discretion in the motion judge's decision.

Plaintiffs' rationale for seeking to replace Dr. Mayer with Dr. Ferzoco was to address defendants' qualification objections. However, as the motion judge correctly noted, defendants had withdrawn their motion to bar Dr. Mayer's testimony based on purported qualification objections.

It is not disputed that plaintiffs had adhered to all discovery deadlines in the case. However, they had access to Dr. Mayer's curriculum vitae (CV) since 2018, and this CV contained the same information regarding his background and renewal of hospital privileges as raised by defendants during Dr. Mayer's deposition. Plaintiffs offer no explanation as to why they could not have discovered this issue in advance of the discovery deadline.

As the motion judge correctly noted, this complex medical malpractice case was over three years old and involved many attorneys and medical

14

professionals. The scheduling of the experts' depositions, together with the attorneys' schedules, had created significant case management challenges. Further, there had already been several discovery extensions during the litigation. We discern no abuse of discretion in the motion judge's concern that adding a new expert to the case would have a negative impact on the completion of depositions, particularly since they were close to completion, thereby causing further delays.

The motion judge properly balanced the prejudice to both sides in making his decision. Dr. Mayer had not been barred from testifying; therefore, the plaintiffs were not left without an expert. Considerable time and expense would inure to both parties to accommodate the new expert, particularly since Dr. Mayer had already been deposed.

Plaintiff relies upon our decisions in Tucci v. Tropicana Casino and Resort, Inc., 364 N.J. Super. 48 (App. Div. 2003), and Castello v. Wohler, 446 N.J. Super. 1 (App. Div. 2016), to support their position that the motion judge erred in prohibiting the change in experts. Both cases are factually distinguishable.

In Tucci, the court dismissed plaintiffs' case with prejudice for failing to serve its expert report timely. We held that the ultimate sanction of dismissal

with prejudice was improvident particularly because there were legitimate problems leading to the late submission through no fault of plaintiffs. Tucci, 364 N.J. Super. at 52-54.

In Castello, plaintiff's expert misrepresented his current status and qualifications on his CV and in the AOM, and therefore, we concluded that the judge properly barred the expert's testimony because the expert had retired and did not meet the statutory requirements of the PFA. However, we concluded that the dismissal of the complaint with prejudice was inappropriate, and an extension of discovery was warranted under those circumstances. Here, as defendants argue, the motion judge did not disqualify plaintiffs' expert nor dismiss plaintiffs' case with prejudice.

Each case must, however, be decided on its own facts and circumstances. See Bender, 187 N.J. at 428 (trial court's decision to bar expert testimony due to late discovery was not deemed an abuse of discretion). We are satisfied that even under the more liberal standard of Rule 4:42-2 and the "good cause" standard under Rule 4:24-1, the motion judge did not abuse his discretion in denying plaintiffs' relief.

B. The November 12, 2021 Order

In November 2021, plaintiffs urged the motion judge to reconsider the denial of their request to name a new expert, particularly because the trial judge had extended the discovery deadline to December 30, 2021, and expert depositions were expected to continue through the discovery deadline. Plaintiffs argued there would be far greater prejudice to their case should the judge deny their request, whereas any potential prejudice or cost to defendants could be dealt with satisfactorily.

While no trial date had been scheduled, the motion judge anticipated trial being scheduled in March or April 2022. Discovery had been extended for the limited purpose of completing expert depositions, the scheduling of which continued to plague the case. The motion judge appropriately emphasized the age of the case, "the 1,220 days' worth of discovery" to date, and the need to finish the expert depositions so trial could commence. Once again, the judge noted the significant delay likely to result should he grant plaintiffs' request. We discern no abuse of discretion in the motion judge's denial of reconsideration of his prior ruling.

Plaintiffs argue that the motion judge's denial of their request to replace their expert severely prejudiced their case and warrants a new trial. In short, plaintiffs ask for the right to retry this case after a jury has rejected their claims.

17

Plaintiffs provide no legal support for this extraordinary relief. Because we discern no abuse of discretion by the motion judge in the discovery rulings, we conclude plaintiffs have not established a basis for a new trial.

To the extent we have not addressed any of plaintiffs' remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3356-22