**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3246-24

J. ALLEN NIMMO
APARTMENTS,

     Plaintiff-Respondent,

v.

ASHLEY MARTINEZ,

     Defendant-Appellant.

_____

     Argued April 29, 2026 – Decided May 18, 2026

     Before Judges Mayer and Vanek.

     On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-005455-23.

     Sandra Passaro argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Sandra Passaro and John Pendergast, on the brief).

     Respondent has not filed a brief.

PER CURIAM

Defendant Ashley Martinez (tenant) appeals from an April 17, 2025 order denying her motion to classify records from a 2023 eviction action as confidential or, alternatively, to seal those records. She also appeals from a May 22, 2025 order denying reconsideration of the April 17, 2025 order. We affirm both orders.

We recite the facts from our prior decision. See J. Allen Nimmo Apartments v. Martinez, No. A-1337-23 (App. Div. Nov. 21, 2024). In 2023, plaintiff J. Allen Nimmo Apartments (landlord) sought to remove tenant from her apartment pursuant to a prior judgment for possession based on nonpayment of rent. Id., slip op. at 2. When tenant went to the leasing office with rent receipt payments and to pay the purported outstanding rent, landlord's leasing agent stated the amount tenant tendered did not cover the full rent due. Id., slip op. at 2-3. Landlord's leasing agent claimed tenant had an angry outburst in the lease office regarding rent arrears. Id., slip op. at 3. Although tenant subsequently paid all outstanding rent, landlord served a notice to evict tenant based on her alleged continual and substantial lease violations. Ibid. Tenant refused to vacate her apartment. Ibid.

Landlord filed an eviction action against tenant. Id., slip op. at 3-4. Landlord's notice cited N.J.SA. 2A:18-61.1(e) as the grounds for eviction,

alleging tenant's substantial violations of the written lease. Id., slip op. at 3. According to the eviction complaint, landlord alleged tenant "threaten[ed] the health, safety, or right to peaceful enjoyment by property management staff, [and] interfere[ed] with the management of the [apartment complex]." Id., slip op. at 3.

The matter proceeded to a bench trial. At trial, landlord argued tenant's actions in the leasing office constituted assault and terroristic threats, justifying the eviction action under N.J.S.A. 2A:18-61.1(p). Id., slip op. at 4. The landlord's justification for evicting tenant substantively and statutorily differed from the statute landlord cited in the eviction notice and complaint served on tenant. Ibid. Thus, tenant argued at trial that landlord's eviction action violated the Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12. Id., slip op. at 4-6.

At the conclusion of the trial, the judge rejected tenant's arguments. The judge, sua sponte, allowed landlord to proceed with the eviction action under N.J.S.A. 2A:18-61.1(p), a different statutory ground than asserted in the landlord's notice to evict and its eviction complaint. The judge reasoned the erroneous statutory citation in landlord's written eviction notice and complaint was harmless error because the true reason for evicting tenant, her outburst in landlord's leasing office, constituted grounds for eviction under N.J.S.A. 2A:18-

61.1(p) rather than N.J.S.A. 2A:18-61.1(e). Id., slip op. at 6. The judge concluded landlord "prove[d] a cause of action for possession . . . [because] terroristic threats were made by [tenant] upon [landlord's] staff." Id., slip op. at 7. The judge entered a judgment for possession in favor of landlord under N.J.S.A. 2A:18-61.1(p). Id., slip op. at 6-7.

On appeal from the judgment for possession, tenant argued she was denied due process because the judge sua sponte accepted landlord's revised statutory basis for eviction, arguing terroristic threats as opposed to breach of the lease agreement, and that alternate ground for eviction was never cited in the written eviction notice. Id., slip op. at 7. We reversed because landlord failed to comport with the notice requirements under the Act, requiring vacatur of the judgment for possession. Id., slip op. at 11-12. Consequently, we remanded and directed the judge to vacate the judgment for possession. Id., slip op. at 12. The judge vacated the judgment in a November 25, 2024 order.

Tenant subsequently moved to exclude the eviction action from the public record. In an April 17, 2025 order, the judge denied the motion. He reasoned eviction action records have not been deemed confidential. In this particular case, the judge explained: "[I]f anybody would read the dockets for [tenant],

they . . . may see a[n] eviction complaint, but they're also go[ing to] see that the matter was reversed and dismissed."

He further found tenant was not necessarily prejudiced by the eviction action records being accessible to the public. The judge concluded tenant would experience "no legal prejudice . . . based upon the history as set forth in the dockets." Additionally, the judge noted tenant had a place to live and, in fact, "still [resided] at the same place." Thus, the judge held tenant's alleged damages associated with a public record of the eviction action were "purely speculative."

Tenant moved for reconsideration. She claimed public access to the eviction action records could prejudice her ability to seek future housing.[1] Tenant argued that if the leasing office where she was purportedly waitlisted for housing accessed the docket for landlord's eviction action, she would be denied the opportunity to lease a new apartment. Alternatively, tenant argued the records should be sealed because her privacy interest outweighed the presumption favoring public access to court records. Tenant further argued the judge misinterpreted Rule 1:38-3(f)(11) as applying only "where no judgment

---

[1] Tenant claimed she was on a waitlist for housing at another apartment complex. However, the record lacks any information regarding the status of tenant's efforts to secure new housing.

A-3246-24

for possession had ever been entered" rather than "where a judgment for possession had entered and then subsequently been vacated."

The judge denied the reconsideration motion, reiterating courts have declined to seal records under the circumstances presented in tenant's application. He repeated his earlier findings that any alleged prejudice cited by tenant was speculative and the docket was "absolutely clear that the judgment [for] possession ha[d] been vacated and the matter's been dismissed."

On appeal, tenant contends the judge erred by not excluding the eviction action from the public record because the judgment for possession was vacated after tenant's successful appeal. In the alternative, tenant argues the judge erred in declining to seal the eviction action record because she faced a risk of serious harm if the record was not sealed. We reject these arguments.

We apply de novo review to a trial court's interpretation of a court rule. In re Protest of Cont. for Retail Pharm. Design, 257 N.J. 425, 436 (2024). We apply "ordinary principles of statutory construction to interpret the court rules." DiFiore v. Pezic, 254 N.J. 212, 228 (2023). We begin "with the plain language of the rule, and 'ascribe to the [words of the rule] their ordinary meaning and significance . . . and read them in context with related provisions so as to give

sense to the [rules] as a whole.'" Ibid. (alterations and omission in original) (quoting Wiese v. Dedhia, 188 N.J. 587, 592 (2006)).

We first consider tenant's argument that the eviction action record is confidential under Rule 1:38-3(f)(11). That Rule states: "Records of . . . adjudicated or otherwise disposed of landlord tenant cases in which no judgment for possession ever has been entered" are excluded from public access. (Emphasis added). In order to apply Rule 1:38-3(f)(11), a judgment for possession must never have been entered.

Tenant's argument on appeal is disconnected from our reading of the plain and unambiguous language of Rule 1:38-3(f)(11) governing records excluded from public access. The Rule expressly states that records of "adjudicated or otherwise disposed of landlord tenant cases in which no judgment for possession has been entered" shall not be accessible to the public. R. 1:38-3(f)(11) (emphasis added).

The New Jersey Supreme Court "makes rules governing the administration of all courts in the State . . . and the practice and procedure in all such courts." Retail Pharm. Design, 257 N.J. at 436 (citing N.J. Const., art. VI, § II, ¶3). See also Shambry v. N.J. Transit Bus Operations, Inc., 307 N.J. Super. 390, 395 (App. Div. 1998) (quoting Cunningham v. Rummel, 223 N.J. Super.

15, 18-19 (App. Div. 1988)) (recognizing the Supreme Court's "exclusive domain" regarding promulgation of the court rules to ensure "uniformity, predictability, and security in the conduct of litigation" in this State). We are bound by the language of the Court Rules as promulgated by our Supreme Court. To read Rule 1:38-3(f)(11) as tenant argues would require this court to ignore the clear language of the Rule.

Here, there was a judgment for possession entered. Although we directed vacatur of the judgment, a judgment for possession was nevertheless entered against tenant. Thus, Rule 1:38-3(f)(11) is inapplicable.

Because this court directed vacatur of the judgment for possession, tenant argues the judgment was implicitly void ab initio based on the lack of jurisdiction and, therefore, the eviction action records should be excluded from public access under Rule 1:38-11(f)(11). Tenant relies on Lucas v. 1 on 1 Title Agency, Inc., 460 N.J. Super. 532, 541 (App. Div. 2019), in support of her argument, claiming "[a] judgment that has been vacated for lack of subject matter jurisdiction is . . . void ab initio."

The facts in Lucas are similar to this case. In Lucas, the trial judge sua sponte decided an issue for which he lacked jurisdiction. 460 N.J. Super. at 534.

We concluded the judge's sua sponte order to be "a legal nullity," not void ab initio. Id. at 541.

Here, the judge had jurisdiction to proceed with the eviction action under N.J.S.A. 2A:18-61.1(e) as advanced in landlord's eviction notice and complaint. However, when the judge sua sponte allowed landlord to proceed with its eviction action under N.J.S.A. 2A:18-61.1(p), the eventual judgment for possession entered on that statutory basis was a legal nullity consistent with our holding in Lucas.

In reversing the judgment for possession for landlord in this matter and directing vacatur of that judgment, we never stated the judgment was void ab initio. Tenant argues our prior decision held the judgment for possession was "utterly void" and, therefore, the judgment was void ab initio. J. Allen Nimmo Apartments, No. A-1337-23 (slip op. at 11).

Courts look to dictionary definitions to determine the meaning of a term in the context in which the word is used. See Bubis v. Kassin, 184, N.J. 612, 621 (2006). "In determining the common meaning of words, it is appropriate to look to dictionary definitions." State v. Bernardi, 456 N.J. Super. 176, 188 (App. Div. 2018) (quoting Macysyn v. Hensler, 329 N.J. Super. 476, 485 (App. Div. 2000)).

"Void ab initio is defined as '[n]ull from the beginning.'" Gobe Media Group, LLC v. Cisneros, 403 N.J. Super. 574, 577 n.1 (App. Div. 2008) (alteration in original) (quoting Black's Law Dictionary 1604 (8th ed. 2004)); accord First American Title Insurance Co. v. Lawson, 177 N.J. 125, 129 (2003) (noting that when a court deems something "void ab initio," the court treats it "as if it had never existed"). "Utterly" means "absolutely." Black's Law Dictionary 1867 (12th ed. 2024). "Void" means "of no legal effect." Black's Law Dictionary 1891 (12th ed. 2024). Applying the dictionary definitions, "utterly void" means absolutely no legal effect rather than void from the beginning. The two phrases are markedly different.

Our decision on tenant's appeal from the judgment of possession never mentioned the terms "void" or "void ab initio." See generally Martinez, A-1337-23. We simply directed vacatur of the judgment for possession. Id., slip op. at 12. The vacatur of the judgment of possession, taken at this court's direction, rendered the judgment void, not void ab initio. Because a judgment for possession was entered in this matter, despite it being later vacated, Rule 1:38-3(f)(11) does not apply.

We next address tenant's argument the judge erred in denying her request to seal the eviction action records under Rule 1:38-11. Rule 1:38-11(b) permits

court records to be sealed "for good cause" when "(1) [d]isclosure will likely cause a clearly defined and serious injury to any person or entity; and (2) [t]he person's or entity's interest in privacy substantially outweighs the presumption that all court and administrative records are open for public inspection." "To determine whether to seal the record, the court must conduct a 'flexible balancing process . . . to determine whether the need for secrecy substantially outweighs the presumption of access.'" Lederman v. Prudential Life Insurance Co. of America, 385 N.J. Super. 307, 317 (App. Div. 2006) (quoting Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 381 (1995)). In addressing whether a record should be sealed, we stated:

> The burden of proof rests with the person who seeks to overcome the "strong presumption of access" to establish "by a preponderance of the evidence that the interest in secrecy outweighs the presumption." That need for secrecy "must be demonstrated with specificity as to each document. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient."
>
> [Ibid. (quoting Hammock, 142 N.J. at 381-82).]

Based on the foregoing burden of proof, tenant must demonstrate her privacy or secrecy interests outweighs the strong presumption favoring public access.

In support of her privacy and secrecy interests, tenant argues she "has a clearly defined and serious injury" precluding public access to the eviction

action because the "record of eviction presently serves as a barrier to housing, and will continue to do so for a total period of seven years." However, as the judge aptly noted, tenant has housing currently and her alleged injury and damages were purely speculative.

According to the record, tenant remains in an apartment in landlord's apartment complex. Tenant failed to present any evidence that the eviction action has impacted her ability to obtain the new housing. Nor did tenant provide any information regarding the status of her efforts to obtain new housing. On this record, we are satisfied the judge properly concluded tenant lacked any concrete, compelling privacy or secrecy interests to warrant sealing of the eviction action record.

Even assuming we agreed that tenant demonstrated a strong privacy or secrecy interest, which we do not, because the judgment for possession should not have been entered, tenant argues "the rights of due process, meant to protect all who appear before our courts" require the records be sealed. Here, the judge accurately stated the court's docket reflected the judgment for possession was vacated. Contrary to her argument, tenant's right to due process was not violated because we reversed the judgment for possession and directed vacatur of that

12

judgment. On this record, tenant fails to overcome the strong presumption in favor of public access, and the judge did not err in declining to seal her record.

In an April 21, 2026 additional citation letter submitted pursuant to Rule 2:6-11(d)(1), tenant cites Pine Ridge Realty Associates, LLC v. A.O., 483 N.J. Super. 487 (App. Div. 2026), in support of her argument that vacatur of judgment for possession rendered the judgment void ab initio. Tenant's reliance on Pine Ridge is misplaced.

Pine Ridge involved a tenant who consented to the surrender of an apartment shared with a co-tenant after the court entered a judgment for possession against the co-tenant. Id. at 491-92. We agreed a consent judgment for possession was distinct from a judgment for possession and noted there was no judgment for possession entered against the appealing tenant. Id. at 493-94. Here, however, there was a judgment for possession entered against tenant. Additionally, nothing in Pine Ridge addressed application of Rule 1:38-3(f)(11) to judgments for possession. Rather, we stated, "a consent order to surrender property to a landlord" was "distinct from a judgment for possession" and, therefore, "subject to the sealing requirement under Rule 1:38-3(f)(11)." Id. at 490-91.

     Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

13

A-3246-24